SAMUEL LEVITEN, Appellant, *v.* WILLIAM SANDBANK et al., Defendants.

MICHAEL LESSIN, Respondent.

Submitted October 8, 1943; decided December 2, 1943.

*Maxwell Stettner* and *Morris J. Rosner* for appellant. The order of Special Term directing the replaced attorney to turn over the pleadings in this action, was proper. A substitution of attorneys during the pendency of a law suit is meaningless if the substituted attorney is unable to proceed with the suit. That is the situation here. The new attorney does not have copies of the pleadings drawn by the attorneys for both sides, and is consequently unable properly to prepare the case, and certainly in no position to go to trial. (*Matter of Rieser,* 137 App. Div. 177; *Galanter* v. *Pearson,* 290 N. Y. 886; *Matter of Senitha [McGurk],* 252 App. Div. 304, 284 N. Y. 730; *Friedman* v. *Gordon,* 260 App. Div. 1023, 285 N. Y. 630; *Bloom* v. *Irving Trust Co.,* 152 Misc. 50; *Matter of Cusimano,* 174 Misc. 1068.)

*David S. Meyer* for respondent. The issues having been adjudicated, the determination is conclusive upon the parties in a subsequent proceeding or action. (*Bannon* v. *Bannon,* 270 N. Y. 484; *Culross* v. *Gibbons,* 130 N. Y. 447; *Williams* v. *Barkley,* 165 N. Y. 48; *Kamp* v. *Kamp,* 59 N. Y. 212; *Gardner* v. *Gardner,* 87 N. Y. 14; *Matter of Ungrich,* 201 N. Y. 415; *Matter of Winkler,* 154 App. Div. 532.) The lien of the attorney having been fixed in an amount payable in cash, payment thereof was a condition precedent to the surrender of papers in his possession. (*Martucci* v. *Brooklyn Children's Aid Society,* 284 N. Y. 408; *Matter of Dunn,* 205 N. Y. 398; *Robinson* v. *Rogers,* 237 N. Y. 467; *Matter of Tillman,* 259 N. Y. 133; *Matter of Krooks,* 257 N. Y. 329; *Bernstein* v. *Bedrick,* 262 N. Y. 472; *Matter of Weitling,* 266 N. Y. 184; *Matter of Montgomery,* 272 N. Y. 323; *Matter of Korn,* 255 App. Div. 870; *Refractolite Corp.* v. *Prismo Holding Corp.,* 257 App. Div. 671; *Matter of McNally* v. *Youngs,* 237 App. Div. 787.)

LEHMAN, Ch. J. The respondent, Michael Lessin, was retained in 1935 by the plaintiff, Samuel Leviten, to collect the sum of $11,508.96 which he claimed was due to him from William Sandbank. The moneys due were secured by collateral, assigned, but not delivered, to the plaintiff by Sandbank. Two notes for

$3,000 made by Pat Realty Corp., to the order of Sandbank and some stock certificates were included in the collateral described in the assignment. The respondent in 1936 began an action on behalf of the petitioner in the Supreme Court in New York County to compel the delivery of these certificates. That action was settled. In 1939 the respondent began another action on behalf of the petitioner in Kings County to enforce payment of the notes for $3,000. That action is still pending. The plaintiff in that action moved, in February, 1943, for an order of substitution and asked that the " new attorney be permitted to make copies of the pleadings, and related papers in this case " in the possession of the respondent.

The respondent has a retaining lien upon these papers, as well as upon stock certificates and other papers in his possession belonging to the plaintiff for the unpaid balance remaining due to him from the petitioner for services rendered and disbursements made by the respondent in the pending action and in other matters in which he was retained as attorney by the petitioner. The amount of that lien had been fixed at the sum of $509.37 by an order of the Supreme Court made a few weeks earlier in proceedings brought by the plaintiff in New York County. That order provides that it is " Ordered, that upon payment by the petitioner Samuel Leviten to the respondent Michael Lessin of the said sum of $509.37, the respondent turn over to the petitioner or to his attorney, the shares of stock, assignments, and all other papers and evidences of debt in his possession, and papers and copies of papers in his possession relating to the various actions commenced by him on behalf of the petitioner Samuel Leviten." The problem presented upon this appeal is whether that order, as matter of law, bars the plaintiff from obtaining any relief which would interfere with the respondent's exclusive possession of any papers upon which he has a retaining lien.

The respondent stated in opposition to the motion for substitution and other relief that he " has no objection to the substitution of attorneys as requested by the plaintiff provided however, that there is full compliance with the provisions of the order hereinabove referred to." No ground for other opposition to the motion is indicated. The respondent does not claim that the stock certificates and other papers remaining in his

possession would not be ample security for the sum of $509.37, the amount of his retaining lien, even if he relinquished his lien upon the pleadings and related papers in this action. He does not dispute the assertion of the plaintiff that the stock certificates retained by him have a value of more than $4,000. He does not claim that the papers in the pending action have any value to him other than a " nuisance " value which may arise from the power to impede the new attorney in the prosecution of the pending suit by refusing to permit the new attorney to use or see the pleadings and related papers. The justice at Special Term rejected that ground of opposition and ordered a substitution of attorneys and directed " that the replaced attorney, Michael Lessin, Esq., turn over all papers in his possession relating to this action, to Morris J. Rosner, Esq., and that the lien of the said replaced attorney in the amount of $509.37 attach to any recovery obtained by the plaintiff in the above entitled action, whether received by suit, settlement, compromise, or recovery, or by way of judgment, and that Morris J. Rosner, Esq., be and he hereby is directed to retain out of any sums payable to the plaintiff herein, the sum of $509.37 to satisfy the said lien of the replaced attorney ". The " replaced attorney " appealed to the Appellate Division from the order except insofar as it directed the substitution of a new attorney. The Appellate Division held that the order fixing the amount of the retaining lien was " conclusive upon the parties. (*Matter of Winkler,* 154 App. Div. 532, 535.) The Special Term was without power to make a different direction in respect of the terms of the turnover of such papers." (266 App. Div. 854.) Accordingly the Appellate Division modified the order appealed from by striking therefrom all the " ordering paragraphs " except the paragraph directing the substitution of the new attorney and the succeeding paragraph which provided that " the substitution * * * be without prejudice to the adjudged lien which Michael Lessin, Esq., now has ". In place of the paragraphs stricken out, the order of the Appellate Division provides that a provision be inserted " directing that the papers be turned over upon the payment of $509.37."

The order of the Supreme Court in the proceeding brought in New York recites that an Official Referee was designated " to take proof and report with his opinion, with all convenient speed,

*as to the amount of the lien if any,* to which respondent is entitled '' and that the Official Referee thereafter took the proofs of the parties and '' rendered his report that the respondent herein had rendered valuable services to the petitioner and that he was entitled to a fee in the sum of $850 together with disbursements of $159.37 expended by the respondent, making a sum in all for services and disbursements of $1,009.37 and after crediting the petitioner with the sum of $500 received by the respondent for services, leaving a balance due on the entire amount awarded to the respondent in the sum of $509.37 ''. The court '' adopted and confirmed '' the report of the Official Referee '' in all respects '' and fixed the amount of the retaining lien accordingly. We assume that the order is conclusive upon the parties in regard to '' the amount of the [respondent's] lien, if any '' for that question was submitted to the court and determined by it. It does not appear that any other issue was litigated and determined. Certainly the court in that proceeding was not asked to determine the terms upon which a substitution might be ordered in the action pending in Kings County. Such questions could be decided only in that action.

The '' control by the courts of their own officers, and their power to compel attorneys to act equitably and fairly towards their clients '' is not open to challenge. (*Robinson* v. *Rogers,* 237 N. Y. 467, 472.) It is a continuing control and the power may be exercised at any time when occasion arises. Retaining liens were created by the court for the protection of its officers but a court should not permit an attorney to insist upon his retaining lien when such insistence is unfair and unequitable. '' Where the retention of papers by an attorney serves to embarrass a client the attorney should be required to deliver up the papers upon receiving proper security for his compensation, because insistence upon his lien under such circumstances is not in accordance with the standard of conduct which a court may properly require of its officers.'' (*Robinson* v. *Rogers, supra,* p. 473.) In that case we pointed out that even though delivery of papers upon which an attorney has a retaining lien would destroy the lien, yet the courts have '' at least assumed '' that they have power '' to compel the delivery of such papers by a discharged attorney before payment of his fees upon the giving of security '' citing *Matter of Dunn* (205 N. Y. 398). The court referred to the '' well-established practice of the courts to com-

pel the attorney to deliver up papers or property under such circumstances ''.

The power of the court to compel a discharged attorney to deliver papers upon which he has a retaining lien, though too well established to be open to challenge now, is a discretionary power and may be invoked only upon proof that insistence by the attorney upon retention of the papers would be unfair if security is otherwise given to the attorney. The Appellate Division has not in this case reviewed the determination of the Supreme Court at Special Term that the plaintiff has submitted proof which calls for the exercise of the power to compel the respondent to deliver paper upon which he has a retaining lien '' before payment of his fees upon the giving of security '' nor has it determined whether sufficient security is given to the attorney under the terms of the order. It has held only that as matter of law these issues have been conclusively determined in the proceedings previously brought in the county of New York by the order fixing the retaining lien. We review only that question of law. (Civ. Prac. Act, § 606.)

The attorney was retained not only in connection with the claim against Sandbank, but also in connection with another claim. He rendered services in connection with both claims. He brought not only the action pending in Kings County, but also the action in New York County which was settled. He has in his possession not only the pleadings and related papers in the pending action, but other papers including stock certificates which are in no wise connected with that action. Until he has received compensation for his services in *all* these matters he has a retaining lien on *all* these papers. In the proceeding in New York County the plaintiff here claimed that the respondent had been paid for all these services. The only issue between the parties and the only issue which could be determined concerned, as we have said, '' the amounts of the [respondent's] lien, if any.'' The respondent in that proceeding '' succeeded merely in having the amount of his lien determined which, of course, will be conclusive upon the parties in any subsequent proceeding ''. (Cf. *Matter of Winkler,* 154 App. Div. 532, 535.)

The plaintiff may not now challenge the existence or amount of the lien conclusively established by the order of the court in the earlier proceeding. He does not attempt to do so herein.

He asks only that the respondent be not permitted to insist upon retaining all the papers to which his lien attached insofar as such insistence is unequitable. The facts upon which that claim is based did not exist when the previous application was made. After the determination of that proceeding fixing the amount of the retaining lien, the court in Kings County still has power to order substitution and may in proper case direct the discharged attorney to deliver up the papers required for the prosecution of that action provided the attorney has adequate security for the amount of his retaining lien previously established conclusively. The Appellate Division has not reviewed the propriety of the exercise of that power.

The order of the Appellate Division should be reversed, with costs in this court and the matter remitted to the Appellate Division.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order reversed, etc.