■ BETTY CHOLST, Respondent, v SHELDON CHOLST, Defendant. DWECK & SLADKUS, ESQS., Former Attorneys for Betty Cholst, Appellant.—Order, Supreme Court, New York County, dated November 7, 1979, directing plaintiff's former attorneys to sign a stipulation of substitution and to turn over all plaintiff's files to her new attorney, is unanimously modified, on the law, to the extent that the direction to turn over files is stricken, and the matter is remanded for a hearing to determine the amount, if any, owed by plaintiff to the outgoing attorneys, and if anything is owed, to condition the turn over of the files on the payment of the sum owed or appropriate

security therefor, and the order is otherwise affirmed, without costs. If plaintiff client owes the outgoing attorneys any sum for their services and disbursements, the attorneys have a lien on the files and they are entitled as a condition of turn over of the files either to be paid the sum due them or to have security therefor. *(Yaron v Yaron,* 58 AD2d 752; *Goldenstein v Goldenstein,* 28 AD2d 962; *Leviten v Sandbank,* 291 NY 352, 358-359.) A hearing is necessary to determine how much, if anything, plaintiff owes the outgoing attorneys, and if not paid, the nature of the security to be provided. However, we note the following: This is not a case in which plaintiff can be said to have discharged her attorneys, thereby entitling the attorneys to compensation for the reasonable value of their services without regard to the fee agreement. The first step in the record toward change of attorneys was a letter of September 27, 1979 from the outgoing attorneys to plaintiff, their client, advising plaintiff that the attorneys would make an application to the court on October 10, 1979 (when the trial was scheduled to begin) to be relieved as plaintiff's attorneys and urging plaintiff to get another attorney of her own choosing. In the circumstances, plaintiff's acceptance of this invitation by a motion for change of attorneys cannot be deemed equivalent to a unilateral discharge of the attorneys by the client. It follows that the attorneys' right to compensation must be governed by the agreement between the parties. Unfortunately, the copy of the written retainer agreement in the record is ambiguous (as well as being in part illegible), so that it is not entirely clear whether the $2,500 paid by the client was to cover all the attorneys' services, except appeals, or whether it was only a payment on account. The agreement clearly provides that disbursements shall be paid in addition to the $2,500. But, if under the agreement the $2,500 is to cover all services, except appeals, then the attorneys' demand for additional compensation before trial may be unjustified and thus it is conceivable that plaintiff is entitled to some credit against the $2,500 which may exceed the disbursements. We do not of course now determine that that is the fair meaning of the agreement. But in the circumstances, the matter of the amount, if any, owed by plaintiff to the outgoing attorneys must be determined at a hearing, at which the court or Referee may consider any evidence bearing on the proper interpretation of the agreement. If anything is owed, it must be paid or security provided therefor, in a manner to be determined by Special Term. *(Goldenstein v Goldenstein, supra; Leviten v Sandbank, supra.)* Concur—Birns, J. P., Sullivan, Silverman, Lynch and Carro, JJ.