■ ANNBROS CORPORATION, Appellant, v CITY OF NEW YORK, Respondent. — In a declaratory judgment action, plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), entered January 28, 1981, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, without costs or disbursements, and motion denied. Defendant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Plaintiff is a building owner that is directly affected by subdivision 2 of section 755(2)-7.0 of the New York City Administrative Code (providing, in part, that building owners shall "remove garbage, refuse, litter, debris and other offensive material between the curbstone abutting the building or premises and the roadway area extending one and one-half feet from the curbstone into the street on which the building or premises front"). As such, plaintiff, whether or not it has ever been charged with or found guilty of violating the Administrative Code provision, has the requisite standing to bring a declaratory judgment action challenging the constitutionality of the provision. (See, generally, 24 Carmody-Wait 2d, NY Prac, § 147:28; Uniform Declaratory Judgments Act, 12 Uniform Laws Ann., § 2; Interest Necessary to Maintenance of Declaratory Determination of Validity of Statute or Ordinance, Ann., 174 ALR 549.) Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ BURT BRODSKY, Plaintiff, v EDMUND MANELLO, Defendant. SCHER & ELIASBERG, P. C., Appellant; MARVIN E. BASSON, Respondent. — Appeal by Scher & Eliasberg, P. C., the outgoing attorney, from an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 20, 1980, directing it to relinquish papers in its possession and directing that its fee be fixed by the Trial Judge at the conclusion of the case. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for the fixation of the fee and security. The order of Mr. Justice Pantano, on the incoming attorney's motion for substitution, established, as the law of the case, that the outgoing attorney was entitled to a retaining lien. Accordingly, it was improper to direct a release of the file without determining the lien and fixing security (see *Robinson v Rogers,* 237 NY 467; *Leviten v Sandbank,* 291 NY 352, 358; *Cholst v Cholst,* 75 AD2d 527). Hopkins, J. P., Rabin, Margett and Bracken, JJ., concur.