■ BMP REALTY COMPANY, INC., et al., Appellants, v VILLAGE OF TANNERSVILLE et al., Defendants. McCLUNG, PETERS, SIMON & ARENSBERG, Respondent. (And Another Related Action.) — Appeal from an order and judgment of the Supreme Court at Special Term (Williams, J.), entered December 5, 1983 in Greene County, which denied plaintiffs' motion to have its former attorneys, McClung, Peters, Simon & Arensberg, turn over their files and all papers in their possession pertaining to this case to Irving B. Lampert, Esq., and for a determination of the final fee due to said attorneys. ¶ The superseded law firm had represented plaintiffs, two corporations in the underlying consolidated property damage action as well as in other matters; they had also represented Wickham Contracting Company, Inc. One Anthony Biele is a corporate officer in all three corporations. The law firm's billing practice was such that it billed Wickham for services rendered to both Wickham and plaintiffs. Wickham acceded to this procedure and in fact made partial payments, but never specified which debts should be credited. When its accumulated legal fee remained unpaid, though payment had been demanded, the firm obtained a default judgment against Wickham for $10,641.36 and interest, and withdrew as counsel to both Wickham and plaintiffs in all matters. The law firm, claiming it has a retaining lien in the amount of the judgment awarded to it against Wickham, has refused to relinquish papers necessary to move forward the instant action, which is currently at the head of the Supreme Court Trial Calendar in Greene County. Plaintiffs claim that as to them the judgment lacks force and seek to have the court determine what they owe for services rendered in the underlying action and, upon payment thereof, a return of their papers. ¶ Since it is acknowledged that the firm was retained to prosecute the instant action and that the case is about to be reached for trial, the firm obviously performed services, although the extent and nature of those services for which it is entitled to be paid is undefined. If Wickham and

---

plaintiffs were indeed separate entities, the superseded law firm may not be permitted to withhold papers from one to ensure payment from the other, and the relief requested should be granted. However, the record suggests that these corporations may be separate on paper only. ¶ Accordingly, the matter is remitted for a hearing to determine whether plaintiffs and Wickham acted as a single entity in dealing with the superseded law firm. If so, the judgment against Wickham representing the entire amount owing is collateralized by the firm's retaining lien on papers in its possession, including those pertaining to the underlying suit. If not, the court should determine what plaintiffs owe the firm for services rendered in the instant action and in other legal matters (*Leviten v Sandbank,* 291 NY 352, 355), and only until that amount is paid will the law firm be entitled to a retaining lien. ¶ Order and judgment modified, on the law and the facts, without costs, by reversing so much thereof as denied plaintiffs' motion for a determination of the amount of legal fees owed to McClung, Peters, Simon & Arensberg; matter remitted to Supreme Court for a hearing in accordance with this decision; and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.