[910 NYS2d 837]

Alphonse Hotel Corp., Doing Business as Hotel Carter, Respondent, v Destiny Roseboom, Respondent. Calabro & Associates, P.C., Nonparty Appellant.

Supreme Court, Appellate Term, First Department, September 17, 2010

APPEARANCES OF COUNSEL

*Law Office of Jonathan Weinberger*, New York City, for *Alphonse Hotel Corp.*, respondent. *Destiny Roseboom*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Order, dated March 19, 2010, affirmed, with $10 costs.

Although Civil Court has limited subject matter jurisdiction and narrow equitable powers (*see generally Priel v Linarello*, 7 Misc 3d 64 [2005]; *European-American Banking Corp. v Chock Full O'Nuts Corp.*, 109 Misc 2d 615 [1981]), trial courts have a well established, inherent authority to control the attorneys appearing before them and to compel such attorneys to act fairly towards their clients (*see Leviten v Sandbank*, 291 NY 352, 357 [1943]). One component of this inherent authority is the right to supervise the charging of fees for legal services (*see Matter of Stortecky v Mazzone*, 85 NY2d 518 [1995]; *Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471 [1977]); a related component of this authority is the power to require an attorney, under certain circumstances, to turn over to a client the client's file maintained by the attorney, even if the attorney asserts that the file serves as a retaining lien (*see Leviten, supra*; *Matter of Johnson [Makames]*, 238 App Div 534 [1933]).

Here, Civil Court had subject matter jurisdiction over the underlying summary holdover proceeding, and the inherent authority both to supervise nonparty appellant law firm's charging of fees for legal services rendered to its former client, petitioner landlord, and to require nonparty appellant to turn over the case file it maintained for its former client to the former client's substitute counsel. We note, too, that "[i]n the exercise of its jurisdiction[,] [Civil Court] shall have all of the powers that supreme court would have in like actions and proceedings" (CCA 212; *see 952 Assoc., LLC v Palmer*, 52 AD3d 236 [2008]), and it is well-settled that Supreme Court has inherent authority to supervise the fees attorneys charge for legal services in any action or proceeding before it (*see Matter of Stortecky*, 85 NY2d at 525-526).

With respect to nonparty appellant's assertion that the court erred in concluding that nonparty appellant forfeited any right

to a retaining lien, the record establishes that nonparty appellant's representation of petitioner landlord terminated due to "unjustified abandonment" of the former client (*see Klein v Eubank*, 87 NY2d 459, 464 [1996]). We note in this connection that nonparty appellant did not comply with the requirements of CPLR 321 (b) governing the substitution of counsel prior to its abandonment of representation of petitioner landlord. Therefore, Civil Court correctly concluded that nonparty appellant forfeited any right to a retaining lien on the case file (*see generally Matter of Nazario v Ciafone*, 65 AD3d 1240 [2009]).

McKEON, P.J., SHULMAN and HUNTER, JR., JJ., concur.