Rosenberg Feldman Smith, LLP v Ninety-Five Madison Co., L.P. (2020 NY Slip Op 05834)





Rosenberg Feldman Smith, LLP v Ninety-Five Madison Co., L.P.


2020 NY Slip Op 05834


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Webber, Gesmer, González, JJ. 


Index No. 653953/18 Appeal No. 12075N Case No. 2019-04423 

[*1]Rosenberg Feldman Smith, LLP, Plaintiff-Respondent,
v
Ninety-Five Madison Co., L.P., Defendant-Appellant.
Ninety-Five Madison Co., L.P., Counterclaim-Plaintiff-Appellant,
v
Rosenberg Feldman Smith, LLP, et al., Counterclaim-Defendants-Respondents.


Verrill Dana LLP, White Plains (Robert Laplaca of counsel), for appellant.
Rosenberg Feldman Smith, LLP, Tarrytown (Michael H. Smith of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 6, 2019, which, insofar as appealed from, granted plaintiff's motion for a protective order to the extent of requiring defendant to post a bond by September 18, 2019, and ordering that defendant's document request would be waived if it did not post the bond by the deadline, unanimously affirmed, without costs.
The court providently exercised its discretion in requiring defendant (plaintiff's former client) to give security before ordering plaintiff to turn over documents on which it had asserted a retaining lien (see e.g. Leviten v Sandbank, 291 NY 352, 358 [1943]; Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York, 302 AD2d 183, 187 n * [1st Dept 2002]; Pryor Cashman LLP v U.S. Coal Corp., 2012 WL 10008067 [Sup Ct, NY County 2012], on reargument 2012 NY Slip Op 33365[U]). Defendant's reliance upon Franklin, Weinrib, Rudell & Vassallo v Stellato (240 AD2d 301 [1st Dept 1997]) is not persuasive as there is no indication in that decision that the law firm requested that the defendant post a bond. Given that we are not ordering plaintiff to produce documents, defendant's request to extend discovery deadlines is academic. In any event, "[l]itigation cannot be conducted efficiently if deadlines are not taken seriously . . . [D]isregard of deadlines should not and will not be tolerated" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 83 [2010] [internal quotation marks omitted]). Defendant did not post a bond by September 18, 2019, nor did it appeal and seek a stay before then; instead, it waited until November 4, 2019 to appeal and later that month to move for a stay pending appeal.
In any event, we note that the court's order vacating the discovery demand if defendant does not comply with the deadline for posting security does not in any way vitiate defendant's ownership and possessory interest in its case file held by plaintiff.
Indeed, upon payment of the retaining lien at any time plaintiff is entitled to its case file (see Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn, 91 NY2d 30, 37 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020