■ VIOLET S. YARON, Plaintiff, v NISSIM M. YARON, Defendant. BERNSTEIN, HAWKINS & KATCHER, Appellant, v NISSIM M. YARON, Respondent.—Order, Supreme Court, New York County, entered March 1, 1977, granting defendant Nissim M. Yaron's motion for an order directing Bernstein, Hawkins & Katcher, defendant's former attorneys, to turn over to defendant's present counsel certain exhibits, unanimously modified, on the law, to the extent of remanding the matter to Special Term and directing a hearing at Special Term or before a Special Referee, to fix the amount of the outgoing attorneys' lien for their services and disbursements, and of conditioning the turnover on payment of the sum thereby found to be due from defendant to his former attorneys or the posting of security therefor, and, as so modified, affirmed, without costs and without disbursements. Special Term in directing the turnover of exhibits failed to take cognizance of the common-law retaining lien of defendant's former counsel. The exhibits which are sought to be turned over are subject to a retaining lien. "Where a client demands or requests the order of the court for the turnover of papers in the possession of his discharged attorney and the attorney asserts a claim for compensation for services rendered by him to the client, the attorney is entitled to a summary determination fixing the value of his services and the amount so fixed must be paid or otherwise secured to the attorney before any such turnover may be enforced *(Bernstein v. Bedrick,* 262 N. Y. 472)" *(Shatzkin v Shahmoon,* 19 AD2d 658, 659). Concur—Kupferman, J. P., Lupiano, Evans and Markewich, JJ.

■ RAYMOND CHRISTIAN, Respondent, v DINO DELAURENTIS CORPORATION, Appellant.—Order, Supreme Court, New York County, entered December 1, 1976, which denied defendant's motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs and without disbursements. In this negligence action for damages for personal injuries, defendant moved for summary judgment on the ground that plaintiff, at the time of his alleged injury, was defendant's employee (Workmen's Compensation Law, § 11). Plaintiff opposed, alleging that at the time of the accident he was an employee not of defendant, but of Casting Group, Inc. However, having submitted a claim against defendant pursuant to the Workmen's Compensation Law and having accepted the benefits provided by an award thereunder, plaintiff may not now maintain an action for negligence against defendant, alleging that he was at the time of his injury the employee of another. Since a workmen's compensation award was made, such constitutes a finding that plaintiff's injuries arose out of and in the course of employment and is binding and conclusive until vacated or modified by direct proceedings under the Workmen's Compensation Law *(Durso v Modern Biscuit Corp.,* 11 AD2d 1036, 1037; *Pigott v Field,* 10 AD2d 99, 100; *Doca v Federal Stevedoring Co.,* 280 App Div 940, 941, affd 305 NY 648). Concur—Kupferman, J. P., Lupiano, Evans and Markewich, JJ.