■    ELIZABETH T. GAMBLE, Respondent, v HERBERT E. GAMBLE, Defendant, and SCHNEIDER, HARRIS & HARRIS, Appellant.—In a matrimonial action, the appellant law firm appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated March 10, 1980, as, in granting plaintiff's motion for substitution of attorneys, directed said law firm to turn over its entire litigation file to the incoming attorneys. Order reversed insofar as appealed from, without costs or disbursements, and the second decretal paragraph, requiring the transfer of the litigation file, is deleted therefrom. The matter is remitted to Special Term for a prompt hearing to fix the amount of the outgoing attorneys' lien, of any, for their services and disbursements, and to condition the turnover upon payment of the sum thereby found to be due from plaintiff to her former attorneys or the posting of security therefor. Special Term did not allow for the exercise of appellant's common-law retaining lien in conjunction with the required transfer of respondent's papers within appellant's possession (see *Yaron v Yaron,* 58 AD2d 752). Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.

■    MORRIS GOLDSMITH, Doing Business as OAKHOLLOW NURSING CENTER, Appellant, v SUFFOLK COUNTY (SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES), Respondent. (And a Third-Party Action.)—In an action to recover for services rendered and supplies furnished to persons eligible for Medicaid, plaintiff Oakhollow Nursing Center appeals from so much of an order of the Supreme Court, Suffolk County, entered October 3, 1979, as granted defendant Suffolk County's motion for summary judgment dismissing the complaint. Order reversed insofar as appealed from, without costs or disbursements, and motion for summary judgment denied. An issue of fact is presented for resolution at a trial as to when, if ever, prior to the notice of defendant to its Medicaid providers dated July, 1977, a change was effectuated with respect to the period of time within which claims for Medicaid reimbursement were to be submitted, and what sums, if any, are due to plaintiff under the circumstances. Lazer, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.