■ LLOYD PAINE, Respondent, v WALTER B. SOLINGER et al., Appellants. (And a Third-Party Action.) — In an action to rescind a contract for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Jaspan, J.), entered September 16, 1981, as denied their motion for summary judgment as against the plaintiff. Order affirmed insofar as appealed from, with $50 costs and disbursements. There are triable issues of fact with respect to whether the alleged misrepresentations by the third-party defendant Coughlin were a material inducement to plaintiff's execution of the contract (see *Dress Shirt Sales v Hotel Martinique Assoc.,* 12 NY2d 339, 343; 24 NY Jur, Fraud and Deceit, § 163, at p 231; § 164). Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.

■ ABBIE L. PETRILLO, Respondent, v TED PETRILLO, Individually and as Executor of ALBERT A. PETRILLO, Deceased et al., Defendants, and DORIS L. SASSOWER et al., Appellants. — Appeal from so much of an order of the Supreme Court, Westchester County (Burchell, J.), dated March 11, 1981, as directed appellants to deliver to plaintiff's new counsel the file in the action. Order reversed insofar as appealed from, on the law, without costs or disbursements and matter remitted to Special Term for a hearing to fix the amount of the outgoing attorneys' lien, if any, and to. condition the turnover upon payment of the sum thereby found to be due from plaintiff to her former attorneys or the posting of security therefor. The hearing shall proceed expeditiously. Plaintiff's former attorneys have a common-law retaining lien on the papers in their possession, and the circumstances are not so exigent as to require turnover of the papers prior to a hearing to determine whether the value of their legal services is in excess of the sums previously paid to them (see *Gamble v Gamble,* 78 AD2d 673; *Yaron v Yaron,* 58 AD2d 752; *Shatzkin v Shahmoon,* 19 AD2d 658). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

■ TED PETRILLO, Plaintiff, v ABBIE L. PETRILLO, Respondent, and DORIS L. SASSOWER, Appellant. — Appeal from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated March 26, 1981, as (1) directed appellant to deliver to defendant's new counsel the file in the action and (2) held that appellant is not entitled to a determination of her fee prior to turnover of the file. Order reversed insofar as appealed from, on the law, without costs or disbursements, and matter remitted to Special Term for a hearing to fix the amount of the outgoing attorney's lien, if any, and to condition the turnover upon payment of the sum thereby found to be due from defendant to her former attorney or the. posting of security therefor. The hearing shall proceed expeditiously. (See *Petrillo v Petrillo,* 87 AD2d 607 [No. 16].) Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.