■ ARLENE S. ROSEN, Respondent, v SAMUEL D. ROSEN, Defendant. JOEL R. BRANDES, Nonparty Appellant. — In a matrimonial action, Joel R. Brandes appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated October 18, 1982, as (1) directed him to turn over to plaintiff the file in the action; (2) granted him a charging lien on the proceeds received by plaintiff, and (3) deferred the issue of the reasonable value of his services for the trial court's determination. Order modified, by deleting the provision which deferred the issue of the reasonable value of appellant's services for the trial court's determination. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for a prompt hearing in accordance herewith. Where an attorney voluntarily withdraws from a case for just cause, he has a retaining lien on his client's papers for the unpaid balance due to him, or a charging lien which attaches to the proceeds of the judgment and cannot be affected by a settlement between the parties (see *People v Keeffe,* 50 NY2d 149; *Levitas v Levitas,* 96 Misc 2d 929; Judiciary Law, § 475). Generally, where a client requests that papers in the possession of his former attorney be returned to him, and the attorney asserts a claim for compensation for services rendered, the attorney is entitled to a determination fixing the value of his services, and the amount so fixed must be paid or otherwise secured to the attorney before any such turnover may be enforced (see, e.g., *Petrillo v Petrillo,* 87 AD2d 607; *Gamble v Gamble,* 78 AD2d 673). However, in light of plaintiff's uncontroverted allegations of indigency, it would be inequitable for appellant to retain plaintiff's papers in the action, since that would render it almost impossible to prepare her case for trial (*Williams v Hertz Corp.,* 75 AD2d 766; cf. *Petrillo v Petrillo, supra*). The court, therefore, was correct in awarding appellant a charging lien on any proceeds to be received by plaintiff upon resolution of the action, instead of a retaining lien on her file (*Williams v Hertz Corp., supra;* cf. *Goldenstein v Goldenstein,* 28 AD2d 962). While a charging lien does not attach to an award of alimony and maintenance (*Turner v Woolworth,* 221 NY 425), section 475 of the Judiciary Law does not preclude the enforcement of such a lien upon another award made in the action, such as an award of counsel fees to either the client or to subsequent counsel (*White v White,* 107 Misc 2d 551; *Levitas v Levitas, supra*). However, appellant is entitled to a summary determination of the amount of the charging lien (see,

e.g., *Petrillo v Petrillo, supra; Williams v Hertz Corp., supra*). Accordingly, this matter is remitted to Special Term for a hearing to determine if appellant is entitled to compensation and if so, in what amount. Payment of the amount set by Special Term is to be deferred and to be made from any recovery in the action, upon the conclusion thereof. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.