OPINION OF THE COURT
Arthur S. Hirsch, J.
This action involves a claim for the wrongful death of one Mason Hulis who was killed on or about July 20,1980, *568 as a result of the alleged negligence of seven named defendants. One of the defendants, Fink Baking Corporation (Fink), now seeks summary judgment based upon the affirmative defense that, at the time of the incident which led to the alleged wrongful death, the plaintiff was an employee of said defendant in the course of his employment, thus barring an action pursuant to sections 10, 11 and 29 of the Workers’ Compensation Law.
There is no question of the basic employer-employee relationship between the plaintiff’s intestate and this particular defendant. However, plaintiff raises several questions in regard to the workers’ compensation defense, inter alia, a denial that at the time of the accident plaintiff was actually involved in the “course of employment.” In connection with this argument, plaintiff points to defendant’s answer, which denies the allegation in the complaint that “mason hulis was lawfully and properly upon the premises.”
In addition, plaintiff refers to a witness’ statement signed by one Sam Kurtz, an employee of Fink, which indicates that the deceased, a “routeman”, had already reported back from completing his “run” before the accident happened. Therefore, the deceased could not be considered to be in the course of employment when he fell through an opening in the floor of a new wing being added to the Fink building that was allegedly not open to employees.
Additionally, plaintiff contends that the deceased was “directed” to proceed in an unauthorized and dangerous area. If this is proven, the plaintiff argues that subdivision 2 of section 2 of the New York Employers’ Liability Law states that
“[wjhen personal injury is caused to an employee who is himself in the exercise of due care and diligence at the time * * *
“[b]y reason of the negligence of any person in the service of the employer intrusted with * * * authority to direct, control or command any employee in the performance of the duty of such employee * * * or in case the injury results in death, the * * * administrator * * * shall have the same right of compensation and remedies against *569 the employer as if the employee had not been an employee of [the employer] nor in the service of the employer nor engaged in his work.”
Plaintiff further contends that even if the deceased was in “the course of employment”, the workers’ compensation defense does not apply since Fink incurred absolute liability in its capacity as owner and general contractor of the work under progress by violating section 241 of the New York State Labor Law. Section 241 states:
“All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *
“6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.”
Lastly, plaintiff disputes Fink’s workers’ compensation defense inasmuch as an intentional tort has been pleaded to the effect that defendant Fink compelled the employees to use the area of the building where the accident occurred with full knowledge that a certificate of occupancy had not yet been issued, and the floor opening where the deceased fell was made in violation of the building department plans.
The court is not impressed with the arguments presented on behalf of plaintiff. As a matter of fact, plaintiff’s pointing out that defendant’s answer denies the allegation in the complaint that the deceased “was lawfully and properly upon the premises” borders upon the “frivolous”. It is clear that the allegation in the complaint as to the plaintiff being lawfully and properly upon the premises is *570 of the “boiler plate” variety as is the denial by defendant Fink. Since any affirmative defenses presented are yet to be decided at the time that the answer is served, it is incumbent upon a defendant to vigorously contest the merits of plaintiff’s claim, and the denial referred to can in no way be considered conclusive as to whether or not the deceased was actually in the course of employment at the time of his accident. It is significant to note that in one of the leading cases in this area, O’Rourke v Long (41 NY2d 219, 226), the Court of Appeals stated: “The employer, by way of its answer, may assert the inconsistent arguments that there was no ‘employment’ and that such ‘employment’ was covered by compensation insurance” (emphasis supplied).
As far as the fact that the deceased was allegedly in an “illegal” area and had already finished his basic duties as a truck driver, this is a factual question and the court is bound by the determination of the Workers’ Compensation Board as to whether or not the deceased’s next of kin were entitled to compensation based upon this being a valid compensation case. As stated in O’Rourke (supra, pp 227, 228):
“[W]here the availability of workmen’s compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions. The Legislature has placed the responsibility for these determinations with the Workmen’s Compensation Board and there it must remain.
“With respect to a board determination that a particular injury was or was not sustained in the course of employment, the judicial appellate function is limited * * * It is the rare case in which board findings are set aside as a matter of law, and even in those rare cases dissenting voices have been heard”.
The court in O’Rourke (supra, p 227) went on to conclude that: “In any event, an adjudication by the board that there was a relationship between accident and employment, unless reversed on a direct appeal, would preclude any recovery in a civil action against the employer. (Matter of Coe v House Inside, 29 NY2d 241, 244)” (see, also, Kimbrough v CFL Dev. Corp., 80 AD2d 737).
*571 Plaintiff’s second argument against summary judgment, while quite ingenuous, is not really on point. Plaintiff’s reliance upon section 2 of the New York Employers’ Liability Law is ill founded. There appears to be an apparent misunderstanding of the nature and purpose of this section. Rather than serving to eliminate a workers’ compensation defense, the section apparently was intended to ameliorate the harsh effects of the “fellow-servant rule”. Thus, it is specifically stated in the Appellate Division case of Lawrence v City of New York (82 AD2d 485, 489): “The intent of subdivision 2 of section 2 of the Employers’ Liability Law is that so far as it pertains to the negligence of a superintendent, the fellow-servant doctrine does not apply”.
Moreover, the indication in the opposition papers that “a notice was posted on the drivers’ bulletin board directing that receipts be deposited upstairs in the new building” only serves to bolster the moving party’s presentation that the plaintiff was actually in the course of employment despite the fact that he had finished his route, since he was then required as part of his employment to deposit his receipts in the new building.
Plaintiff’s further contention that the workers’ compensation defense does not apply because Fink allegedly incurred absolute liability under section 241 of the New York State Labor Law is without foundation. There is no indication that a violation of this section, if such a violation did occur, supersedes the specific intent of the Legislature to provide workers’ compensation as an exclusive remedy in situations of this kind. While a nonemployee might possibly rely upon a violation of section 241 by Fink, or while Fink may be impleaded by a primary defendant under section 241, this court sees no reason to allow plaintiff to bypass what is evidently a clear-cut legislative mandate to make workers’ compensation the exclusive remedy in a situation of this kind.
Lastly, plaintiff presents the unique argument that since she has pleaded an intentional tort (in that Fink compelled the employees to use the building where the accident occurred with full knowledge that a certificate of occupancy had not been issued), this effectively eliminates a *572 workers’ compensation defense. There can be no question that defendant Fink did not deliberately intend that the intestate be injured. The fact that its actions were negligent or could even be considered as willful and wanton would not eliminate a workers’ compensation defense in view of the Court of Appeals finding in Werner v State of New York (53 NY2d 346). In Werner the court held that a plaintiff administratrix who was claiming a willful assault (but had accepted compensation benefits) might have been prevented by findings that although there was excessive force employed by defendant’s employee, it resulted from reckless rather than deliberate acts. Thus, even if defendant Fink were to be considered as having acted recklessly, compensation would cover this matter.
Although this court has chosen to go into some detail in regard to the specific arguments presented by plaintiff, the decision of the instant motion could clearly be decided solely upon the fact that it was determined by the Workers’ Compensation Board that this accident came under the Workers’ Compensation Law and that the intestate’s widow chose to receive compensation benefits. As stated in Werner (supra, p 354): “Assuming that the plaintiff had a common-law action for willful assault, we think he lost such remedy by choosing instead to avail himself of the benefits of workmen’s compensation * * * The benefits which this employee has already received and which he will receive in the future are encompassed within the damages claimed in his complaint. He may not be doubly compensated; once under the statute and again in a common-law action.” See, also, Christian v DeLaurentis Corp. (58 AD2d 752), where the court said: “However, having submitted a claim against defendant pursuant to the Workmen’s Compensation Law and having accepted the benefits provided by an award thereunder, plaintiff may not now maintain an action for negligence against defendant, alleging that he was at the time of his injury the employee of another.”
Summary judgment is a drastic remedy since it deprives a litigant of the opportunity of presenting the merits of his case at a full trial. However, it should be granted where appropriate. The court has dealt at great length with the *573 several arguments presented by the plaintiff and can see no legitimate reason why summary judgment is not appropriate in this matter.
 Accordingly, the motion by defendant Fink for summary judgment is granted. However, since it appears that the other six defendants have presented cross claims against this defendant, defendant Fink may now be considered as a third-party defendant rather than as a primary defendant. The court does not accept the arguments presented to the effect that the granting of summary judgment eliminates jurisdiction over defendant Fink so as to avoid Fink automatically remaining in the action in the nature of an impleaded party.