(March 18, 1985)

■ PETER ARTIM, Plaintiff, v ANNA ARTIM, Respondent, and ARTHUR L. DIAMOND, Nonparty Appellant. — In a matrimonial action, defendant's former attorney appeals from (1) so much of an order of the Supreme Court, Queens County (Durante, J.),

dated August 8, 1984, as, in granting defendant's motion for the substitution of counsel, directed that appellant turn over his entire litigation file to the incoming attorneys prior to the holding of a hearing to determine his reasonable attorney's fee, if any, and failed to condition the turnover of said file upon the payment of the sum thereby found to be due or the posting of security therefor, and (2) an order of the same court, dated September 17, 1984, which denied his motion, *inter alia,* for leave to renew the merits of the foregoing application.

Order dated August 8, 1984, reversed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for an immediate hearing to determine the amount of the outgoing attorney's lien, if any, and to condition the turnover of the file upon either the payment of the sum thereby found to be due from the defendant to her former attorney or the posting of security therefor.

Appeal from the order dated September 17, 1984, dismissed as academic, without costs or disbursements, in light of our determination with respect to the order dated August 8, 1984.

Unless and until it has been judicially determined that defendant's former attorney was discharged for cause under circumstances in which no attorney's fees are warranted (*see, Marschke v Cross,* 82 AD2d 944), he has a common-law retaining lien on the papers in his possession which must be respected (*see, Petrillo v Petrillo,* 87 AD2d 607; *Yaron v Yaron,* 58 AD2d 752). Moreover, no exigent circumstances have been demonstrated which would warrant a court in directing him to turn over the papers prior to the holding of a hearing to determine the amount of his outgoing attorney's lien, if any, and to condition the turnover upon the payment of the sum thereby found to be due or the provision of adequate security therefor (*see, Petrillo v Petrillo, supra; Yaron v Yaron, supra; cf. Rosen v Rosen,* 97 AD2d 837). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.