■ JAMES PILEGGI, Respondent, v LORRAINE PILEGGI, Defendant, and A. CHARLES D'AGOSTINO, Appellant.—In a matrimonial action, the nonparty former attorney of the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered February 24, 1986, as denied him a retaining lien on the file in this action.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Generally, where a client requests that those papers in the possession of his former attorney, who was not discharged for cause, be returned to him, the attorney is entitled to be paid for the value of his services or otherwise have the sum owed secured before any turnover may be enforced (see, Rosen v Rosen, 97 AD2d 837; Petrillo v Petrillo, 87 AD2d 607; Gamble v Gamble, 78 AD2d 673). However, if there are exigent circumstances, such as the client's indigency, it would be inequitable for the former attorney to retain the client's papers in the action, since that would render it almost impossible to prepare his case for trial (Rosen v Rosen, supra). In that situation the court can award the former attorney a charging lien on any proceeds that may be received by the client upon resolution of the action rather than a retaining lien on the file.

In the instant case it is not in dispute that the appellant, the former attorney of the plaintiff, was discharged without cause and that the sum of $546 is owed to him. While the plaintiff's incoming attorney indicated his belief that the plaintiff was indigent, the plaintiff did not submit an affidavit to that effect and the appellant sufficiently raised the question as to whether the plaintiff was, in fact, indigent by alleging the payment of a retainer to the new attorney. Therefore, Special Term should not have based its decision to award a charging lien instead of a retaining lien on a finding that the plaintiff was indigent, without first holding a hearing. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.