■ MINT FACTORS, Respondent, v CEDAR TIDE CORP. et al., Appellants, et al., Defendants. GUNNIGLE, JOHNSON, P. C., Respondents.—In an action to foreclose a mortgage, the defendants Elizabeth Chandler and Cedar Tide Corp. appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 19, 1985, which, after a hearing to fix the value of the legal services rendered by the appellants' former attorneys, Gunnigle, Johnson, P. C., is in favor of those attorneys and against the appellants in the sum of $15,675.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the application of Gunnigle, Johnson, P. C., for legal fees is denied.

By order to show cause dated February 19, 1985, the appellants made a motion pursuant to CPLR 321 (b) for an order directing the substitution of new counsel to take the place of the firm of Gunnigle, Johnson, P. C. The parties, on appeal, agree that pursuant to a directive of the court made in April 1985, Gunnigle, Johnson, P. C., transferred their litigation file to the new attorneys for the appellants. It is clear, in any event, that the file was transferred to the new attorneys, and

was in their possession during various proceedings which occurred in July and August of 1985. It was not until November 12, 1985, that a hearing was held in order to fix the value of the services rendered by Gunnigle, Johnson, P. C. After that hearing, the court determined that the value of those services was $15,675. Judgment was entered in that sum, and this appeal followed. We reverse.

The court erred when it directed the outgoing attorneys to transfer the papers upon which they had a retaining lien before determining the value of the attorneys' services and before assuring that payment for those services was adequately secured (see, *Pileggi v Pileggi*, 127 AD2d 751; *Artim v Artim*, 109 AD2d 811; *Rosen v Rosen*, 97 AD2d 837; *Petrillo v Petrillo*, 87 AD2d 607; *Gamble v Gamble*, 78 AD2d 673). The attorneys' retaining lien depended on possession of the file, and conferred on them no rights other than to retain possession of the file until the payment for their services was secured (see, *First Natl. Bank & Trust Co. v Novick Realty Corp.*, 72 AD2d 858, 859; *Goldman v Rafel Estates*, 269 App Div 647, 649; *Schwartz v Schwartz*, 25 Misc 2d 225, 226). While they were entitled to a summary determination of the value of the services in connection with the assertion of a lien, the outgoing attorneys were not entitled to an order directing the entry of a money judgment against their former clients, either before or after they relinquished the file (cf., *Matter of Rosenblum*, 121 AD2d 546, 547; *Ryan v Ryan*, 75 AD2d 1000, *lv dismissed* 51 NY2d 709). To obtain the judgment sought, the attorneys must commence a plenary action. Mollen, P. J., Thompson, Brown and Eiber, JJ., concur.