OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned personal injury litigation, defendant moves for summary judgment dismissing the complaint upon the ground that the cause of action has no merit, and is barred by the applicable provisions of the Workers’ Compensation Law. At issue is whether a violation of sections 200 and *954 241 of the Labor Law constitutes, as a matter of law, an intentional tort.
The complaint in the case at bar alleges that plaintiff Brian Rarick was acting within the scope of his employment with defendant at the time he sustained the injuries for which he seeks compensation. It is alleged that while in the scope of his employment a concrete block wall collapsed and injured him. The complaint alleges that defendant violated the duty imposed by sections 200 and 241 of the Labor Law, and the regulations relating thereto which mandate that the injured plaintiff be provided a safe place to work and attendant safety devices.
Plaintiff argues that such violations of the Labor Law should be considered as intentional torts, thereby avoiding the prohibition which relegates plaintiff to the Workers’ Compensation Law as his exclusive remedy and prohibits civil litigation.
The motion shall be granted. While a specifically pleaded and proved intentional act may fall within the scope of sections 200 and 241 of the Labor Law, a violation of said sections is not, per se, an intentional tort. Violations of these sections may occur through negligence, inadvertence or by mere happenstance. While injuries resulting from such an accident are compensable by statute, nowhere is there an indication that they should be deemed an intentional tort, thereby circumventing the provisions of the Workers’ Compensation Law. "While a nonemployee might possibly rely on a violation of section 241 * * * or while [an employer] may be impleaded by a primary defendant under section 241, this court sees no reason to allow plaintiff to bypass what is evidently a clear-cut legislative mandate to make workers’ compensation the exclusive remedy”. (Hulis v Foschi & Sons, 123 Misc 2d 567, 571.)