■ DIANE M. CORBY, Plaintiff, v CITIBANK, N. A., et al., Defendants. DREYER AND TRAUB, Appellant, v ARMORY OWNERS, INC., Respondent.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), dated March 29, 1988, which relieved movant Dreyer and Traub as counsel for the defendant Armory Owners, Inc., referred the issue of Preyer and Traub's attorney's fees to a Referee to hear and report, and directed Dreyer and Traub to release all Armory files in the underlying matter and other related and unrelated matters to Armory's new attorneys, unanimously modified, on the law, to vacate that provision directing Dreyer and Traub to release its files, directing a factual hearing on the circumstances relating to an alleged waiver by Dreyer and Traub of its retaining lien, and otherwise affirmed without costs.

On October 5, 1987, Dreyer and Traub moved by order to show cause for an order relieving it as counsel for defendant Armory Owners, Inc. (Armory), and directing a hearing before a Special Referee to determine the amount of legal fees owed by Armory to Dreyer and Traub. By decision dated March 1, 1988 the IAS court granted the motion, upon the consent of Armory, and directed that an order be settled.

Dreyer and Traub's proposed order contained a provision permitting it to retain the files relating to its representation of Armory until the issue of outstanding fees was resolved. Armory respondent by submitting a proposed counterorder which differed insofar as it directed Dreyer and Traub to release within five days its files in this and other related and unrelated matters involving Armory. The order which the court entered directed Dreyer and Traub to release its files.

The essential issue raised on this appeal involves the construction of a letter dated October 19, 1987 from a Dreyer and Traub associate to Armory. The letter opens with a hearsay reference to a prior conversation between a Dreyer and Traub partner and Armory's president regarding outstanding legal fees owed to Dreyer and Traub, and sets forth the writer's understanding that the matter "was being settled amicably." The letter goes on to request Armory's consent to Dreyer and Traub's withdrawal which "shall not be construed as an admission as to the amount of fees due and owing." Finally, the letter says that "[u]pon our withdrawal from this and other cases in which we represent Armory, I will contact you to arrange to transfer your various files to your new attorneys." Armory endorsed that letter as "CONSENTED TO".

Armory urges that the order appealed from was appropriately based upon the language of the October 19 signed consent which constitutes a waiver of Dreyer and Traub's retaining lien. Dreyer and Traub urges that its release of Armory's files was understood to be contingent upon payment of the outstanding fees according to a schedule which was to be agreed upon, but that only one payment was made by Armory, and no schedule was agreed to.

The language of the October 19, 1987 consent is too inconclusive to establish a waiver by Dreyer and Traub of its retaining lien, or the absence of such waiver. We accordingly remand this matter for a factual hearing on this question. In the absence of a waiver, or the establishment of exigent circumstances, it was improper for the court to direct Dreyer and Traub to release the papers on which they had a retaining lien before determining the value of the attorney's services and assuring that payment for these services was adequately secured. (*Mint Factors v Cedar Tide Corp.,* 133 AD2d 222; *Ventola v Ventola,* 112 AD2d 291; *Petrillo v Petrillo,* 87 AD2d 607; *Yaron v Yaron,* 58 AD2d 752; *Robinson v Rogers,* 237 NY 467.) We note that there is no claim by Armory that Dreyer and Traub voluntarily sought to be relieved without just cause, in which case, and upon such fact being estab-

lished, the outgoing attorney would forfeit his lien. *(Goldman v Rafel Estates,* 269 App Div 647, 649.) Concur—Sandler, J. P., Sullivan, Rosenberger, Ellerin and Wallach, JJ.