■ JAMES KATSAROS, Respondent, v CATHERINE KATSAROS, Respondent. JOHN MARSHALL, Nonparty Appellant.—In an action for a divorce and ancillary relief, the nonparty former attorney for the defendant Catherine Katsaros appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated March 29, 1988, as denied his motion for (1) a retaining lien on his client's file in the matrimonial action, (2) an immediate hearing as to the value of the attorney's lien, and (3) a temporary restraining order preventing the parties from transferring any interest they have in real and personal property pending the hearing and determination of the motion.

Ordered that the order is modified by deleting therefrom the words "the amounts of which shall be determined at the conclusion of this action" and substituting therefor the words "a hearing shall be held expeditiously to determine whether he withdrew or was discharged with or without cause and, if with cause, the value of the charging lien"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that the nonparty appellant is not entitled to a retaining lien. The defendant's unrefuted allegations of indigency constitute such exigent circumstances as would make it inequitable for the appellant to retain the file (see, Rosen v Rosen, 97 AD2d 837). The appellant is relegated to a charging lien.

In light of the allegation of the defendant in the matrimonial action to the effect that the appellant engaged in spurious, unnecessary and irrelevant motion practice, and further, that she discharged the appellant before he moved for leave to withdraw, a question is presented as to whether the appellant withdrew or was discharged with or without cause (see, Marschke v Cross, 82 AD2d 944). Moreover, there is a question as to the value of the legal services rendered to the defendant in the matrimonial action. The appellant is entitled to an immediate hearing to determine these issues (see, Rosen v Rosen, supra, at 837).

Finally, the appellant failed to establish his right to a temporary restraining order (see, McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165), and this equitable relief was properly denied. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.