■ JOHN MARSHALL, Appellant, v CATHERINE KATSAROS et al., Respondents.—In a proceeding pursuant to Judiciary Law § 475 to determine and enforce an attorney's lien, the petitioner John Marshall appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated November 28, 1988, which denied his motion, inter alia, for summary judgment, a protective order, consolidation of the proceeding with a motion for similar relief and an immediate hearing to determine and enforce an attorney's lien, and which granted the cross motion of the respondent James Katsaros to dismiss the petition as to him.

Ordered that the order is modified by deleting therefrom the words "at the conclusion of the matrimonial action" and substituting therefor the words "at a hearing to be held expeditiously", and by adding after the words "petitioner's claim against James Katsaros is dismissed on the grounds of collateral estoppel" the provision "the petitioner's motion for a protective order is granted"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

This proceeding to determine and enforce an attorney's lien was properly dismissed against the husband. In a proceeding pursuant to Judiciary Law § 475, one who is not a client is not a proper party *(see, Cooper v Cranin,* 104 AD2d 550; *Rochfort v Metropolitan Ry. Co.,* 50 App Div 261). Although an attorney may elect to assert a cause of action against a spouse in a plenary, common-law action on the theory that legal services rendered to the other spouse were necessaries, the attorney cannot pursue a common-law action and a special proceeding at the same time *(see, Berkowitz v Berkowitz,* 49 AD2d 872). Having elected to enforce a lien in a special proceeding, a common-law action against the husband is precluded.

We agree with the Supreme Court that summary judgment was not appropriate on this record. Questions of fact were presented by the wife's counterclaim as to whether the appellant withdrew with cause or without cause and, if he withdrew with cause, as to the value of the legal services rendered to the wife.

The Supreme Court should not allow discovery to impede the expeditious disposition of the appellant's claim. The respondent wife demonstrated neither need for discovery nor that the information sought was necessary to the resolution of the fee issue *(see, Matter of Shore,* 109 AD2d 842; *cf., Gargano v V. C. & J. Constr. Corp.,* 148 AD2d 492).

Finally, the appellant is entitled to an expedited hearing to determine and enforce the lien *(see, Rosen v Rosen,* 97 AD2d 837). Because the issues to be determined are identical to those to be resolved in *Katsaros v Katsaros* (152 AD2d 539 [decided herewith]), only one hearing is necessary. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.