■ In the Matter of the Arbitration between SCIENCE DEVELOPMENT CORP. et al., Petitioners, and MILTON SCHONBERGER, Respondent. In the Matter of SERCHUK WOLFE & ZELERMYER, Appellant, v MILTON SCHONBERGER, Respondent.—Order, Supreme Court, New York County (David Saxe, J.), entered September 14, 1988, which granted respondent-respondent's motion to compel petitioner-appellant to transmit its file to respondent's substituted attorneys upon payment by respondent of outstanding disbursements, unanimously modified, on the law, the facts, and as a matter of discretion, to require in addition to the disbursements already awarded, that respondent post a $150,000 bond as additional security, and otherwise affirmed, without costs.

Petitioner-appellant had represented respondent-respondent in various matters since 1976. In 1985, appellant agreed to

represent respondent at an arbitration proceeding to determine royalties due him under a licensing agreement. An award was rendered in respondent's favor and judgment was entered confirming the award. Respondent, however, retained new counsel to represent him in the appeal taken by his adversary. Due to a dispute over attorney's fees, appellant refused to turn over the files in its possession, and respondent moved to substitute new counsel and to compel appellant to relinquish the files. Appellant then sought an order pursuant to Judiciary Law § 475 to enforce its attorney's lien.

The dispute regarding the retainer agreement between the parties has been referred to a Special Referee for fact finding. Inasmuch as there has been no judicial determination that appellant was discharged for cause under circumstances in which no attorney's fees are warranted, appellant has a common-law retaining lien on the file in its possession (*Artim v Artim,* 109 AD2d 811). However, the pending appeal warrants the relief requested by respondent and Supreme Court properly ordered appellant to relinquish the file. Apparently, the parties agreed that if respondent won in arbitration appellant would receive one third of the award. If respondent did not prevail, appellant would be paid a maximum of $150,000, payable out of future income. Thus, in order to secure appellant's right to be paid for services rendered should the Referee find in its favor, respondent is directed to post a $150,000 bond before appellant relinquishes the file (*Corby v Citibank,* 143 AD2d 587; *Pileggi v Pileggi,* 127 AD2d 751). Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.