(December 17, 1990)

■ ALEXANDER A. ANDREIEV et al., Plaintiffs, v JOHN W. KELLER, Respondent, and GEORGE ROCKMAN, Nonparty Appellant.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, George Rockman appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 16, 1989, as upon granting that branch of his motion which was for reargument of an order dated December 8, 1988, adhered to the determination directing him to turn over the defendant's file to the defendant's incoming attorney without holding a hearing to fix the amount of his retaining lien.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion is granted to the extent that the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

It is well settled that an attorney who has been discharged by his client without cause may invoke a retaining lien on the client's papers and files in his possession. The attorney may generally not be compelled to surrender the files until an expedited hearing has been held to ascertain the amount of his fees *(see, Corby v Citibank,* 143 AD2d 587; *Mint Factors v Cedar Tide Corp.,* 133 AD2d 222; *Pileggi v Pileggi,* 127 AD2d 751). An attorney's retaining lien must be respected *(see, Artim v Artim,* 109 AD2d 811).

In the instant case, no exigent circumstances were established to support the court's order denying the motion by the appellant, who is the defendant's outgoing attorney, for a hearing *(see, e.g., Rosen v Rosen,* 97 AD2d 837). Moreover, contrary to the conclusion of the Supreme Court, in light of the various lawsuits involving the defendant's real estate, which is apparently his sole significant asset, we cannot agree that the appellant's interests are otherwise adequately protected. Significantly, we note that he was not awarded a

charging lien in lieu of his retaining lien *(compare, Rosen v Rosen, supra).* Accordingly, we remit this matter to the Supreme Court for the purpose of holding an expedited hearing to fix the amount due the appellant and the manner in which it should be paid *(see, Katsaros v Katsaros,* 152 AD2d 539, 540; *Marshall v Katsaros,* 152 AD2d 542; *Pileggi v Pileggi,* 127 AD2d 751, *supra; Artim v Artim,* 109 AD2d 811, *supra; Petrillo v Petrillo,* 87 AD2d 607).

Furthermore, the defendant has made allegations which appear to charge that the appellant was discharged for cause. If it established that the appellant was discharged for cause, then the appellant would be entitled to neither a retaining lien nor compensation *(see, Teichner v W & J Holsteins,* 64 NY2d 977). As this issue cannot be resolved on the instant record, it too should be considered at the hearing *(see, Katsaros v Katsaros,* 152 AD2d 539, *supra; Williams v Hertz Corp.,* 75 AD2d 766). Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.