■ MICHAEL J. ARUCK, Appellant, v JULIE A. ARUCK, Defendant. WALTER W. JONES, JR., Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: It was error for Supreme Court to fix the amount of counsel's retaining lien without a hearing *(see, Ventola v Ventola,* 112 AD2d 291, 292-293; *Petrillo v Petrillo,* 87 AD2d 607; *Gamble v Gamble,* 78 AD2d 673; *Yaron v Yaron,* 58 AD2d 752). Plaintiff's contention that his counsel is not entitled to a retaining lien because he was discharged for cause is raised for the first time on appeal and will not be considered. We, therefore, remit this matter to Supreme Court for a hearing to fix the amount of the outgoing attorney's lien for his services and disbursements and conditioning the turnover of plaintiff's file on payment of the sum found to be due or the posting of security therefor *(see, Yaron v Yaron, supra).* (Appeal from Order of Supreme Court, Ontario County, Purple, J.—Attorney's Lien.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.

■ JOHN A. MARRO, SR., Appellant, v GARY BOWLER et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed plaintiff's complaint pursuant to CPLR 3216. Plaintiff failed to tender evidentiary facts demonstrating that he has a meritorious cause of action *(see, Alise v Colapietro,* 119 AD2d 921; *MacLeod v Nolte,* 106 AD2d 860) and to provide a reasonable excuse for his failure to comply with defendants' demands that he file a note of issue within 90 days *(see, McLennan v County of Erie,* 154 AD2d 909; *Mason v Simmons,* 139 AD2d 880). (Appeal from Order of Supreme Court, Seneca County, Falvey, J.—Dismiss Action.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.