■ MARTIN FIELDS, Plaintiff, v ROBERT E. CASSE et al., Respondents, and SCHWARTZ & GRODOFSKY, Nonparty Appellant. —Appeal by Schwartz & Grodofsky from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated May 17, 1990, which granted the defendants' motion to compel it to turn over the defendants' file to the defendants' new attorneys, without holding a hearing to fix the amount of the appellant's retaining lien.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, and the matter is remitted to the Supreme Court, Queens County, for an expedited hearing in accordance herewith.

It is well settled that an attorney who has been discharged without cause by a client is entitled to retain his client's file until he has been paid or until the client has otherwise posted adequate security ensuring the attorney's payment (see, Andreiev v Keller, 168 AD2d 528; Corby v Citibank, 143 AD2d 587; Mint Factors v Cedar Tide Corp., 133 AD2d 222). In this case, the appellant was relieved of its representation of the defen-

dants at a time when the defendants allegedly owed it in excess of $6,000 in legal fees. As there is no evidence in this record that the appellant was relieved for cause, or that any other exigent circumstances required the immediate surrender of its former clients' file *(see, Artim v Artim,* 109 AD2d 811; *cf., Katsaros v Katsaros,* 152 AD2d 539), an expedited hearing must be held to determine the appropriate compensation in quantum meruit to be paid to the appellant before its retaining lien may be discharged *(see, Andreiev v Keller, supra; Corby v Citibank, supra; Mint Factors v Cedar Tide Corp., supra; Artim v Artim, supra; Ventola v Ventola,* 112 AD2d 291). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.