■ STEVEN COHEN, Plaintiff, v SUSAN COHEN, Respondent, and IRA BIERMAN, Nonparty Appellant.—In an action for a divorce and ancillary relief, Ira Bierman, the former attorney of record for the defendant wife, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated February 11, 1992, as directed him to turn over his former client's file to new counsel and converted his retaining lien to a charging lien.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing before Justice Lockman, to be held within 15 days of the date of this decision and order, on the issue of whether exigent circumstances warrant the discharge of a retaining lien on the defendant's file, as well as for a determination of what fee, if any, is owed to the appellant by the respondent, and when and how it should be paid.

The appellant, Ira Bierman, is the defendant wife's second attorney in a contested matrimonial action. Her first attorney, whom Mrs. Cohen discharged for allegedly conducting her case improperly and artificially inflating his bills, has a charging lien against the proceeds of the action in an as yet undetermined amount.

After the appellant had represented Mrs. Cohen for approximately 13 months, he demanded payment of the balance due on her bill before the trial of the divorce action, which was imminent. When she refused, claiming lack of funds, and the appellant declined to proceed to trial, Mrs. Cohen discharged him and retained the law firm of Gassman & Fisher. The appellant declined to turn over Mrs. Cohen's file until his bill was paid, whereupon Gassman & Fisher moved to compel the turnover of the file. In the order appealed from, the Supreme Court, Nassau County (Lockman, J.), granted Mrs. Cohen's motion, directed the appellant to turn over the file upon receipt of the court's order with notice of entry, directed a hearing to determine the amount of the appellant's fee, and granted the appellant a "charging lien on the action in the amount so determined, if any".

"Generally, where a client requests that those papers in the possession of his former attorney, who was not discharged for cause, be returned to him, the attorney is entitled to be paid for the value of his services or otherwise have the sum owed secured before any turnover may be enforced" *(Pileggi v Pileggi,* 127 AD2d 751; *Rosen v Rosen,* 97 AD2d 837; *Gamble v Gamble,* 78 AD2d 673). The attorney thus holds a common-law "retaining lien," which derives from his passive possession of the client's file *(Robinson v Rogers,* 237 NY 467; *Matter of Heinsheimer,* 214 NY 361; *Steves v Serlin,* 125 AD2d 780). It is independent of the proceeds of the lawsuit, and it is extinguished only when the court, which controls the functioning of the lien, orders turnover of the file in exchange for payment of the lawyer's fee or the posting of an adequate security therefor following a hearing.

However, when a client has made an *unrefuted* or *uncontroverted* showing of "exigent circumstances," such as indigence, the court will relegate the outgoing attorney to a *charging* lien on the proceeds of the action, pursuant to Judiciary Law § 475 *(see, Katsaros v Katsaros,* 152 AD2d 539; *Rosen v Rosen, supra).* Where, on the other hand, the client claims to be indigent, but where the attorney sufficiently casts doubt on this contention by, for example, "alleging the payment of a retainer to the new attorney", the issue of the client's indigence should also be explored at the hearing, before the attorney's retaining lien may legitimately be converted into a charging lien *(see, Pileggi v Pileggi,* 127 AD2d 751, *supra).*

At bar, the appellant has challenged Mrs. Cohen's claim of indigence, pointing out that she has, among other things, approximately $15,000 in various bank accounts and a 50%

equity interest in a cooperative apartment. She has also apparently paid her new attorneys a substantial retainer fee. Counsel has therefore cast sufficient doubt upon the client's claim of indigence to warrant a hearing on the issue *(see, Pileggi v Pileggi, supra)*. A finding of indigence will justify converting the attorney's retaining lien into a charging lien, which will attach to whatever proceeds of the litigation accruing to Mrs. Cohen the appellant helped to create. Alternatively, if it is determined that Mrs. Cohen is not indigent, and that no other exigent circumstances exist, the amount of the fee due the appellant, if any, should be ascertained, and the appellant should be directed to turn over the file in exchange for payment of his fee or the posting of an adequate security therefor.

Mrs. Cohen has made allegations that the appellant overcharged her, did not complete discovery by the eve of trial, issued improper subpoenas, and otherwise behaved improperly. The hearing court should therefore explore whether the appellant was or should have been discharged for cause, in which event he would not be entitled to a lien or compensation *(see, Teichner v W & J Holsteins,* 64 NY2d 977; *Andreiev v Keller,* 168 AD2d 528, 529). Harwood, J. P., Balletta, Rosenblatt and Lawrence, JJ., concur.