■ AUDREY MANES, Respondent, v MORTON MANES et al., Defendants. POLLACK & KOTLER, Nonparty Appellant. [669 NYS2d 899] —In an action, *inter alia*, to rescind a separation agreement, the appeal is from an order of the Supreme Court, Nassau County (Kohn, J.), dated May 7, 1996, which granted the plaintiff's motion to compel the discharged law firm of Pollack & Kotler to turn over her file to her incoming counsel prior to the completion of a hearing to fix the amount of the discharged law firm's retaining lien.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the third sentence from the decretal paragraph thereof and by adding to the second sentence thereof, after the words "be provided to the applicant", the words "upon condition that the plaintiff serve and file an undertaking in the sum of $16,000 in terms that the surety will pay, up to the amount of the undertaking, the sums found to be due and owing by the plaintiff to the firm of Pollack & Kotler as attorneys' fees, costs and disbursements"; as so modified, the order is affirmed, with costs payable by the plaintiff to the appellant; the time of the plaintiff to file the undertaking is extended until 10 days after service upon her of a copy of this decision and order with notice of entry, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to fix the amount of the lien, to be held forthwith.

It is well settled that at common law attorneys have a retaining lien upon their client's papers in their possession which entitles them to retain the papers until their claim for services is paid. Attorneys may not be required to relinquish the papers in their possession and thus forfeit their retaining lien unless they are paid the reasonable value of their services or adequate security is furnished (*see, Leviten v Sandbank*, 291 NY 352; *Robinson v Rogers*, 237 NY 467; *Eiduson Fuel & Hardware Co. v Drew*, 59 AD2d 1025; *Matter of Mongitore v Murphy*, 42 AD2d 800; *Goldman v Rafel Estates*, 269 App Div 647). This lien attaches to all of the client's papers in the attorneys' possession until the attorneys have received proper compensation or security for their services in all matters in which they have represented the client (*see, Leviten v Sandbank, supra*, at 358; *see, Robinson v Rogers, supra*, at 470; *see also, Corby v Citi-*

*bank*, 143 AD2d 587; *Mint Factors v Cedar Tide Corp.*, 133 AD2d 222; *Rosen v Rosen*, 97 AD2d 837; *Manfred & Sons v Mortillaro*, 69 AD2d 1019).

In the case at bar, "no exigent circumstances were established to support the court's order" (*Andreiev v Keller*, 168 AD2d 528), which directed the discharged law firm to turn over the plaintiff's file to incoming counsel prior to the completion of the hearing to determine the amount of the lien. Moreover, the Supreme Court further erred in directing the discharged law firm to turn over the file without directing the plaintiff to post an appropriate undertaking (*see, Manfred & Sons v Mortillaro, supra; Matter of Science Dev. Corp. [Schonberger]*, 159 AD2d 343; *Steves v Serlin*, 125 AD2d 780). Since the file has already been turned over, the order dated May 7, 1996, has been modified, rather than reversed, by adding a provision directing the plaintiff to post an appropriate undertaking (*see also*, 7 Am Jur 2d, Attorneys at Law, § 340).

The remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.