(August 26, 2002)

■ EIGHTEEN ASSOCIATES, LLC, Plaintiff, v NANJIM LEASING CORP. et al., Respondents, et al., Defendants. GRAUBARD MILLER, Nonparty Appellant. [746 NYS2d 599]

An attorney who is discharged without cause possesses a common-law retaining lien on the client's file in his or her possession, which secures the attorney's right to the reasonable value of the services performed (*see Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 458; *see also Manes v Manes,* 248 AD2d 515). "An attorney's retaining lien must be respected" (*Andreiev v Keller,* 168 AD2d 528), and in the absence of exigent circumstances, the attorney should not be compelled to surrender the client's file until an expedited hearing has been held to ascertain the amount of the attorney's fee (*see Markard v Markard,* 206 AD2d 512; *Fields v Casse,* 182 AD2d 738; *Andreiev v Keller, supra*). Since the defendants Nanjim Leasing Corp., Edward Leshaw, and Richard Higer failed to establish the existence of exigent circumstances which would require the immediate surrender of their legal file, the Supreme Court erred in directing the appellant to turn over the file before conducting a hearing to determine the appropriate compensation to which the appellant is entitled in quantum meruit (*see Reich v Reich,* 272 AD2d 313; *Manes v Manes, supra; Fields v Casse, supra; Andreiev v Keller, supra*).

We note that to the extent that the defendants have alleged that there was cause to relieve the appellant based upon the quality of the services performed, this issue may be considered at the hearing (*see Andreiev v Keller, supra*). Florio, J.P., O'Brien, Schmidt and Cozier, JJ., concur.