LOUIS A. MOSIELLO et al., Plaintiffs, v JOSELYN O. VELEN-ZUELA et al., Defendants. JACOBY & MEYERS, LLP, Nonparty Appellant; FLOMENHAFT LAW FIRM, PLLC, Nonparty Respondent. [924 NYS2d 480]—

In an action to recover damages for personal injuries, etc., nonparty Jacoby & Meyers, LLP, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 19, 2010, as granted that branch of the motion of nonparty Flomenhaft Law Firm, PLLC, which was to direct it to surrender the plaintiffs' litigation file in this action to nonparty Flomenhaft Law Firm, PLLC, and denied that branch of its cross motion which was to require that, after an expedited hearing, it be reimbursed for its disbursements or, in the alternative, an amount be fixed for an undertaking to be posted by nonparty Flomenhaft Law Firm, PLLC, to secure repayment of its disbursements.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of nonparty Flomenhaft Law Firm, PLLC, which was to direct nonparty

Jacoby & Meyers, LLP, to surrender the plaintiffs' litigation file in this action to nonparty Flomenhaft Law Firm, PLLC, is denied, and that branch of the cross motion of nonparty Jacoby & Meyers, LLP, which was to require that, after an expedited hearing, it be reimbursed for its disbursements or, in the alternative, an amount be fixed for an undertaking to be posted by nonparty Flomenhaft Law Firm, PLLC, to secure repayment of its disbursements is granted, and the matter is remitted to the Supreme Court, Westchester County, for an expedited hearing in accordance herewith.

An attorney who, as here, has been discharged by his or her clients without cause has a retaining lien on the clients' litigation papers and files in his or her possession (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458 [1989]; *Robinson v Rogers*, 237 NY 467, 470-471 [1924]; *Lelekakis v Kamamis*, 8 AD3d 630 [2004]; *Cohen v Cohen*, 183 AD2d 802, 803 [1992]). Absent exigent circumstances, the attorney may generally not be compelled to surrender the papers and files until an expedited hearing has been held to ascertain the amount of the fees or reimbursement to which he or she may be entitled (*see Theroux v Theroux*, 145 AD2d 625, 626 [1988]; *Mint Factors v Cedar Tide Corp.*, 133 AD2d 222, 223 [1987]).

In the instant case, no exigent circumstances were established. Thus, the Supreme Court erred when it granted that branch of the motion of nonparty Flomenhaft Law Firm, PLLC (hereinafter Flomenhaft), which was to direct nonparty Jacoby & Meyers, LLP (hereinafter J & M), to surrender the plaintiffs' litigation file in this action to Flomenhaft and when it denied that branch of J & M's cross motion which was to require that, after an expedited hearing, it be reimbursed for its disbursements or, in the alternative, an amount be fixed for an undertaking to be posted by Flomenhaft to secure repayment of J & M's disbursements (*see Eighteen Assoc. v Nanjim Leasing Corp.*, 297 AD2d 358, 359 [2002]; *Markard v Markard*, 206 AD2d 512 [1994]; *Fields v Casse*, 182 AD2d 738, 738-739 [1992]; *Andreiev v Keller*, 168 AD2d 528, 528 [1990]; *Corby v Citibank*, 143 AD2d 587, 588 [1988]; *Pileggi v Pileggi*, 127 AD2d 751 [1987]; *see also Mello v City of New York*, 303 AD2d 564, 565-566 [2003]; *cf. Cohen v Cohen*, 183 AD2d at 803; *Katsaros v Katsaros*, 152 AD2d 539, 540 [1989]; *Rosen v Rosen*, 97 AD2d 837 [1983]). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for an expedited hearing to fix the amount, if any, due to J & M and the manner in which it should be paid or secured. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.