OPINION OF THE COURT
Frances A. Ortiz, J.
The decision/order of this court on this motion is as follows:
This is a nonpayment proceeding. The matter initially appeared on the calendar on March 6, 2015. However, after petitioner’s nonappearance, the matter was dismissed. Petitioner moved to vacate the dismissal on March 25, 2015. The motion to restore was granted on consent. Subsequently, respondent appeared by counsel in May 2015. Respondent’s counsel on December 13, 2016 moved to withdraw as counsel claiming respondent failed to communicate with her and to fulfill her financial obligations. Additionally, she requested a retaining lien against respondent’s file and a charging lien against the proceeds of the action. Respondent failed to appear on December 13, 2016 for the motion. After proper proof of service, Judge Marc Finkelstein granted the motion to have respondent’s counsel relieved. The matter was adjourned for trial to December 22, 2016. Respondent retained new counsel in February 2017. Thereafter, the matter was adjourned multiple times for trial.
Now, respondent moves by order to show cause seeking an order to have her prior counsel, Wenig Saltiel LLP, turn over her case file to her current counsel, Marc Aronson. Mr. Aronson in his affirmation in support of the motion argues that it is impossible for him to properly represent respondent without the contents of her file. He states that he has only been able to examine the court file. He has been advised by respondent that all of her papers and documents, including her original papers, are in the possession of Wenig Saltiel LLP. He has requested the file from Wenig Saltiel LLP. According to Mr. Aronson, Jeffery Saltiel refused to provide the file because respondent owed his firm legal fees. He states that a settlement offer was made to Wenig Saltiel LLP but was unreasonably refused. (Aronson affirmation ¶¶ 7, 8.)
Respondent in her affidavit in support of the order to show cause states that she has lived at the subject premises for 10 *553 years. She is a single mother who works very hard to support herself and her daughter. She states, she paid Wenig Saltiel LLP approximately a total of $6,424. Most recently in December 2016, she paid them $2,000. She denies having been served with Wenig Saltiel LLP’s order to show cause to be relieved as counsel. Additionally, she states, “I am poor, with limited funds . . . .” (Rodriguez aff ¶ 6.) She also asserts, she was “faced with the dilemma of not having an attorney and not . . . having sufficient funds to ever retain another attorney.” (Rodriguez aff ¶ 7.) Lastly, she claims that the file contains her original documents, and it would be impossible for her to prepare for trial without it. (Rodriguez aff ¶ 8.)
Meryl Wenig of Wenig Saltiel LLP opposes the motion arguing that when an attorney justifiably withdraws from a case, the attorney is entitled to impose a retaining lien on the file, until the fees owed are paid. She asserts that respondent has failed to demonstrate the impossibility of her current attorney’s ability to properly represent her absent the file. She further argues that only exigent circumstances, such as indigence, should be a basis for a court to order the file to be returned to the former client. Here, Ms. Wenig claims respondent has not shown that she is indigent. Therefore, she contends respondent cannot avoid the retaining lien. Accordingly, she maintains that the file remains with her firm, until the balance of the legal fees are paid in full.
The right of an unpaid attorney to retain paper and property given to him or her by his or her client in the course of their professional relationship can be traced as far back as the 1700s and 1800s in English courts. (Note, Attorney’s Retaining Lien Over Former Client’s Papers, 65 Colum L Rev 296, 298 [1965].)
“A change of attorneys obviously does not in itself discharge the client from the obligation to pay the attorney for past services. In order to secure such payment the attorney has two kinds of lien—a general lien for the entire balance of account on all papers . . . belonging to his client which came into his possession, and a charging lien for services rendered . . . The general or retaining lien is dependent upon possession; the charging lien was created” to secure the attorney’s rights where he does not have possession of papers or securities belonging to the client. (Robinson v Rogers, 237 NY 467, 470 [1924]; Judiciary Law § 475.)
*554 Essentially, the attorney holds a common-law “retaining lien” which derives from the attorney’s possession of the client file. Therefore, the attorney can maintain a retaining lien on the client’s papers for the unpaid legal fees balance, or a charging lien that attaches to the proceeds of the judgment and cannot be affected by a settlement between the parties. (Rosen v Rosen, 97 AD2d 837 [2d Dept 1983]; Judiciary Law § 475.) Generally, where a client requests papers in the former attorney’s possession be returned to him or her, and the attorney asserts a claim for unpaid legal fees, the attorney is entitled to a determination fixing the value and the amount must be paid, before the papers can be returned. (Petrillo v Petrillo, 87 AD2d 607 [2d Dept 1982].)
However, if a client makes an uncontroverted or unrefuted showing of exigent circumstances such as indigence, a court can relegate the former attorney to a charging lien on the proceeds of the action pursuant to Judiciary Law § 475. (Rosen v Rosen.) Assuming the client claims to be indigent, but the former attorney sufficiently casts doubt on the client’s indigence by indicating the former client has made a retainer payment for a new attorney, then the issue of indigence should be explored at a hearing, before the retaining lien can legitimately be converted into a charging lien. (Cohen v Cohen, 183 AD2d 802 [2d Dept 1992]; Pileggi v Pileggi, 127 AD2d 751 [2d Dept 1987].)
Here, respondent in her affidavit indicates she is a poor, single, hardworking mother with limited funds who was faced with the dilemma of not being able to afford to retain another attorney due to lack of funds. (Rodriguez aff ¶¶ 6, 7, 8.) Her former attorneys, Wenig Saltiel LLP, assert that respondent is not indigent because she is gainfully employed, paid them over $6,000 in legal fees and consistently paid her rent in full and on time. (Wenig affirmation f ¶ 13, 15.)
Moreover, this is a summary proceeding involving the recovery of real property. This court has public policy concerns regarding the impact of the retaining lien on respondent’s due process rights to defend herself at a summary proceeding trial without the contents of her file, especially in a proceeding involving the deprivation of her home. However, this court is constrained by the statutory law created by the legislature and common law dating back to early English law on retaining liens. At minimum, the case law does provide exceptions to the retaining lien; the exception as indicated above may be exigent circumstances like indigence.
*555 Accordingly, the matter must be set down for a hearing to determine whether respondent is indigent, before the retaining lien may be converted into a charging lien. (Cohen v Cohen; Pileggi v Pileggi.) Alternatively, if it is determined that respondent is not indigent and no exigent circumstances exist, the amount of fees due to the former attorney, if any, will be determined. Moreover, the former attorney will be directed to turn over the file in exchange for payment of the fee or posting of security or bond. (Cohen v Cohen.)