Andrade v Perez (2018 NY Slip Op 02126)





Andrade v Perez


2018 NY Slip Op 02126


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6095 306417/08

[*1]Norma Andrade, et al., Plaintiffs-Appellants,
v
Agapito Perez, et al., Defendants-Respondents.


The Frankel Law Firm, New York (Reuven S. Frankel of counsel), for appellants.
Natalie Gonzalez, P.C., Melville (Natalie Gonzalez of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about December 7, 2017, which denied plaintiffs' motion to vacate a sua sponte order directing them to provide certain disclosure to defendants, unanimously reversed, on the law, without costs, and the motion granted.
The motion court should have granted plaintiffs' motion to vacate the sua sponte order directing them to produce disclosure to defendants, as defendants' answer had been stricken by prior order of the court. Accordingly, defendants were not entitled to any further discovery, including discovery in preparation for an inquest (see Servais v Silk Nail Corp., 96 AD3d 546, 547 [1st Dept 2012]).
To the extent the motion court ordered plaintiffs to provide disclosure already submitted to defendants' former counsel, a different result is not warranted. Assuming defendants are unable to access their case file due to a retaining lien, the court improperly facilitated a "work around" of such lien (see Law Firm of Ravi Batra, P.C. v Rabinowich, 77 AD3d 532 [1st Dept 2010]; Warsop v Novik, 50 AD3d 608 [1st Dept 2008]; see also Artim v Artim, 109 AD2d 811, 812 [2d Dept 1985]). If there is no retaining lien, defendants should seek an order to compel former counsel's production of the discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK