■ ASH & MILLER, Respondent-Appellant, v DOROTHY FREEDMAN, Appellant-Respondent.—Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered December 24, 1984, granting summary judgment awarding plaintiff $23,500 as counsel fees under a written retainer agreement, unanimously modified, on the law, to award plaintiff interest thereon from November 21, 1979, the date of plaintiff's discharge, and otherwise affirmed, without cost or disbursements. The appeal from the order (same court), entered November 27, 1984, is dismissed as subsumed in the appeal from the judgment.

Inasmuch as Special Term awarded judgment based upon the retainer agreement between the parties, plaintiff was entitled to interest thereon as a matter of law. (CPLR 5001 [a]; *Delulio v 320-57 Corp.,* 99 AD2d 253.) The statute directs that interest be recovered "upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property". As a result, an award of interest would be mandated in an action by an attorney to recover under a retainer agreement or in quantum meruit for the reasonable value of the legal services rendered. *(See, Govern & McDowell v McDowell & Walker,* 75 AD2d 979; *Brent v Keesler,* 32 AD2d 804.) As applied here, plaintiff's action sounded in breach of contract with the recovery being based upon the contingent fee established in the agreement, reduced by the amount paid to counsel when he was retained. Accordingly, the plaintiff, as the prevailing party, was entitled to interest as of right, which shall be computed from Novem-

ber 21, 1979, the date counsel was discharged, the earliest ascertainable date the cause of action existed.

We have examined the other points raised on the appeals and find them lacking in merit. Concur—Sandler, J. P., Sullivan, Ross, Kassal and Ellerin, JJ.