SECOND DEPARTMENT, DECEMBER, 1986

(December 1, 1986)

■ LORRAINE M. ALLEN, Appellant, v JOSE A. RIVERA, Respondent.—In an action to recover damages for breach of a retainer agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated August 26, 1985, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant's motion for summary judgment and substituting therefor a provision denying that motion. As so modified, the order is affirmed, with costs to the appellant.

Pursuant to a retainer agreement dated February 27, 1982, the defendant, who is an attorney, agreed to represent the plaintiff in connection with an action she was prosecuting in the United States District Court for the Southern District of New York. This agreement provided, *inter alia*, that in consideration for the services he would render, the defendant would be paid a $1,000 retainer, and would also be entitled to one fourth of whatever amount the plaintiff would ultimately recover, by judgment or settlement, in her Federal action.

The defendant performed various legal services for the plaintiff pursuant to this agreement. However, by letter dated June 21, 1982, the defendant informed the plaintiff that when he agreed to the terms of the retainer agreement he "was under a misapprehension as to the work which would be involved" in prosecuting the plaintiff's Federal action. He further informed the plaintiff that "I have now come to the conclusion that changes must be made—and immediately. After June 22, 1982 * * * all work must be done on an hourly basis". Furthermore, in the June 21, 1982 letter, the defendant threatened the plaintiff with termination of his services unless the plaintiff agreed to these new terms.

After threatening to terminate his services, it is unclear

what further services the defendant in fact performed for the plaintiff, other than to represent her at a deposition which was scheduled for June 22 (one day after the letter was apparently written) and which continued on July 7. The plaintiff alleges, essentially, that, at least after July 7, the defendant made good his threat to unilaterally terminate his services in violation of the retainer agreement, and abandoned prosecution of her Federal claim.

In October 1982 the defendant made a motion in Federal court for leave to withdraw as counsel. Neglecting to mention the dispute with the plaintiff over his legal fees, the defendant sought leave to withdraw solely on the basis of alleged acts of misconduct of his client, the plaintiff herein. The defendant did not seek to have his fee determined in the motion in Federal court. By order dated December 2, 1982, the Federal court granted the defendant leave to withdraw as attorney for the plaintiff, over plaintiff's *pro se* opposition. The current status of the plaintiff's Federal action is unclear.

After gaining the Federal court's permission to withdraw as the plaintiff's attorney, the defendant commenced an action in Civil Court, Kings County, based on the theory of quantum meruit, seeking $6,200 in fees from the plaintiff for the services he had rendered. The plaintiff then commenced an action in the Supreme Court, Queens County, seeking a return of the $1,000 retainer she had paid the defendant, as well as damages based on the defendant's breach of contract. The two actions were consolidated, with the quantum meruit action deemed to be a counterclaim in the action pending in the Supreme Court, Queens County. The parties subsequently made cross motions for summary judgment in their favor. The court granted the defendant's motion on the ground that the Federal order granting him leave to withdraw as counsel served as a bar to the plaintiff's action under principles of res judicata or collateral estoppel. This appeal followed.

We note, initially, that the affidavits submitted in connection with the motion and cross motion for summary judgment contain conflicting assertions which create a genuine issue of fact as to whether Mr. Rivera's withdrawal as counsel for the plaintiff in the Federal action was motivated by his own financial concerns rather than by any misconduct by the plaintiff. There is also an issue of fact as to whether, prior to having obtained the Federal court's permission to do so, Mr. Rivera effectively abandoned the prosecution of the plaintiff's action. In other words, there exists a triable issue of fact as to whether the defendant had good cause to justify his with-

drawal as counsel, and as to when that withdrawal, in fact, occurred. If the defendant's withdrawal as counsel was unjustifiable, then he forfeited any right to recover damages for services rendered on the basis of quantum meruit, and also forfeited any retaining lien on the file *(see, People v Keeffe,* 50 NY2d 149, 156-157; *Halbert v Gibbs,* 16 App Div 126; *Suffolk Roadways v Minuse,* 56 Misc 2d 6, 7; *Isser v Berg,* 38 Misc 2d 957; *Eisenberg v Brand,* 144 Misc 878). In order to demonstrate a right to recovery under a theory of quantum meruit and to benefit from a retaining lien, the withdrawing attorney must show "such a condition as clearly justifies his withdrawal" *(Halbert v Gibbs, supra,* at p 129). Stated otherwise, if the plaintiff breached the retainer agreement, then the defendant is entitled to his fees on a quantum meruit basis *(see, Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172). The issue of whether Mr. Rivera's withdrawal from his client's case was justified requires a trial, and summary judgment in his favor is unwarranted.

The defendant argues, however, that the decision of the Federal court, which permitted him to withdraw as counsel, necessarily included a finding of fact that his withdrawal was justified. Therefore, the defendant concludes that relitigation of this issue is barred by the doctrine of collateral estoppel. We do not agree.

First, it is not clear that the Federal court order necessarily included a determination, as a matter of fact, that Mr. Rivera was not guilty of misconduct. The Federal court was not called upon to fix the amount of the defendant's fee, or to decide whether recovery under quantum meruit was warranted; thus, the court did not have to assess the relative culpability of the defendant and the plaintiff in connection with the deterioration of the attorney-client relationship. All the court had to decide was whether, under the General Rules of the United States District Courts for the Southern and Eastern Districts of New York rule 3 (c), there were "satisfactory reasons" for withdrawal. The existence of such "satisfactory reasons" would not rule out the possibility of misconduct on the part of Mr. Rivera or the possibility that he unjustifiably abandoned the plaintiff's case before he formally withdrew. Thus, it is far from clear that the issue of the defendant's good faith in withdrawing as counsel was, in fact, decided by the Federal court. Accordingly, collateral estoppel may not be invoked to preclude litigation of this issue, since it was not necessarily decided in the prior proceeding *(see generally, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481; *Schwartz v Public*

*Administrator of County of Bronx,* 24 NY2d 65; *Kret v Brookdale Hosp. Med. Center,* 93 AD2d 449, *affd* 61 NY2d 861).

Second, invocation of collateral estoppel on the issue of Rivera's good faith in withdrawing as counsel is not warranted since, in the prior (Federal) proceeding, the plaintiff did not have a fair opportunity to litigate that, or any similar, issue. The determination was made on the motion papers alone, without a hearing *(cf. Williams v Barkley,* 165 NY 48). As far as the plaintiff was concerned the only issue involved in the Federal court motion was whether she should have been able to continue to receive the assistance of counsel, or would have to proceed *pro se.* In this action, she could be subjected to liability of over $6,000, depending on whether the defendant's withdrawal is viewed as justified. Given the realities of litigation, it is clear that the plaintiff has far more incentive in the present case to litigate the issue of the defendant's improper withdrawal than she did in connection with the prior Federal motion *(see generally, Gilberg v Barbieri,* 53 NY2d 285; *Baxter v Fulton Ice & Cube Co.,* 106 AD2d 82). For the foregoing reasons, the doctrine of collateral estoppel does not warrant a dismissal of the plaintiff's complaint. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.