■ LEONARD C. SPANO, Respondent, v ROGER SCOTT, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Where an attorney retained for a specific purpose based on a contract for a noncontingent fee is discharged without cause or withdraws for cause before the completion of the services, the amount of the attorney's fee must be determined on a quantum meruit basis *(Matter of Montgomery,* 272 NY 323; *Matter of Dunn,* 205 NY 398, 402-403; *Ventola v Ventola,* 112 AD2d 291; *Matter of Spellman,* 4 AD2d 215, 216). Here, because defendant, an attorney, withdrew for cause, the court properly determined the amount of his fee on the basis of quantum meruit. By reason of its knowledge and experience concerning reasonable and proper fees, Supreme Court was able to form a judgment from the facts and evidence before it and determine the reasonable value of defendant's services *(see, Jordan v Freeman,* 40 AD2d 656; *McAvoy v Harron,* 26 AD2d 452, *affd* 21 NY2d 821, *rearg denied* 21 NY2d 971). "The relevant factors in the determination of the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved" *(Jordan v Freeman, supra,* at 656). Considering these factors, we cannot say that Supreme Court erred in its determination of the reasonable value of defendant's services. (Appeal from judgment of Supreme Court, Onondaga County, Auser, J.—legal malpractice.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.