■ In the Matter of EVLAMBIA-ELEFTHERIA B. LAMBROU, as Executor of GEORGE E. LAMBROU, Deceased, Appellant, v CONSTANTINOS LAMBROU et al., Respondents. [676 NYS2d 255] —Cardona, P. J. Appeal from an order of the Surrogate's Court of Tompkins County (Sherman, S.), entered November 12, 1997, which, *inter alia*, granted petitioner's former counsel leave to withdraw as counsel and awarded the sum of $9,000 to respondents' counsel for professional fees incurred in preparation of trial.

In November 1997, on the eve of trial, petitioner's former attorney made an application to withdraw as counsel on the basis of a breakdown in communication with petitioner. The former attorney's firm had represented petitioner in this estate proceeding since 1992. Respondents opposed the application

arguing that petitioner's counsel had not demonstrated valid grounds for withdrawal. When Surrogate's Court inquired of petitioner as to her opinion on the matter, she requested time to obtain new counsel. Surrogate's Court interpreted the response as an expression by her to dismiss her attorney and obtain an adjournment of the trial to retain new counsel. Respondents opposed the adjournment indicating prejudice in having to incur additional legal expenses repreparing for trial. Surrogate's Court, *inter alia*, granted the application by petitioner's counsel to withdraw and adjourned the trial. The court also ordered petitioner to pay $9,000 in legal expenses incurred by respondents in preparation for trial. Petitioner appeals.*

Although Surrogate's Court has broad discretion to award legal fees and related expenses (*see, Matter of Graham*, 238 AD2d 682, 686), we find that the imposition of such fees upon petitioner, under the circumstances presented herein, was inappropriate. The record discloses that petitioner's request for additional time to obtain new counsel was made in response to her attorney's application to withdraw from the case. Furthermore, inquiry should have been made to determine whether her attorney had a legitimate basis for seeking to withdraw (*see*, CPLR 321 [b] [2]; Code of Professional Responsibility DR 2-110 [22 NYCRR 1200.15]; *see also, George v George*, 217 AD2d 913). This query is relevant in order to ascertain whether it was petitioner or her attorney who was responsible for the delay and, therefore, accountable for payment of the legal expenses incurred by respondents. Accordingly, while we find no error in the adjournment of the trial by Surrogate's Court to allow petitioner time to obtain new counsel (*see, A-1 Syracuse Commercial Painting Co. v Allied Chem. Corp.*, 115 AD2d 268), we conclude that the case should be remitted for a hearing to determine whether petitioner's former counsel had a justifiable basis for seeking to withdraw (*see, Kahn v Kahn*, 186 AD2d 719, 721). Petitioner's failure to object to the requirement that she pay respondents' legal expenses does not establish her consent to that provision because, for all practical purposes, she was without counsel at the time the condition was imposed.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered petitioner to pay to respondents professional fees in the amount of $9,000; matter

---

* Prior to filing her notice of appeal, petitioner made a *pro se* request to have Surrogate's Court reconsider its imposition of legal expenses, but said request was denied.

remitted to the Surrogate's Court of Tompkins County for a hearing to determine whether petitioner's former counsel had a justifiable basis for withdrawing and the party accountable for the fees awarded to respondents; and, as so modified, affirmed.

