■ In the Matter of the Estate of MARTHA EHMER, Deceased. INGE E. GABLER, Appellant; PETER L. MAROULIS, Respondent.

[708 NYS2d 436] —In a probate proceeding, Inge E. Gabler, coexecutor of the estate of Martha Ehmer, appeals, (1) as limited by her brief, from so much of an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated June 9, 1999, as directed nonparty Peter L. Maroulis to submit a reply affirmation to the papers submitted by her in opposition to his motion to withdraw as attorney for the estate, and (2) from an order of the same court, dated June 15, 1999, which granted the motion of nonparty Peter L. Maroulis to withdraw as attorney for the estate and to keep a $20,000 retainer fee.

Ordered that the appeal from the order dated June 9, 1999, is dismissed, without costs or disbursements, as the appellant is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the order dated June 15, 1999, is modified by deleting the provision thereof granting that branch of the motion which was to allow Peter L. Maroulis to keep a $20,000 retainer fee as compensation for services rendered, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Dutchess County, for a hearing to determine the value of the services rendered by Peter L. Maroulis on a quantum meruit basis.

Contrary to the appellant's contentions, the motion of Peter Maroulis to withdraw as counsel for the estate was based on good and sufficient cause (see, *Winters v Rise Steel Erection Corp.*, 231 AD2d 626; *Allen v Rivera*, 125 AD2d 278). However, the Surrogate's Court erred in permitting Maroulis to keep a $20,000 retainer paid to him by the estate. Rather, Maroulis is entitled to recover for services rendered on a quantum meruit basis (see, *Matter of Cooperman*, 83 NY2d 465; *Kahn v Kahn*, 186 AD2d 719; *Spano v Scott*, 166 AD2d 917; *Allen v Rivera*, supra). Here, the appellant did not consent to have the Surrogate's Court make a determination on the value of Maroulis's services based on the papers submitted to the court. Accordingly, the matter must be remitted to the Surrogate's Court, Dutchess County, for a hearing (see, *Kahn v Kahn*, supra; *Spano v Scott*, supra).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.