OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is modified by increasing the amount awarded to plaintiffs as against defendant Jacobowitz & Gubits, LLP to the principal sum of $1,164.21; as so modified, the judgment, insofar as appealed from, is affirmed without costs.
Plaintiffs, proceeding pro se, brought two separate actions against the J. Dunn Construction Corporation (Dunn) in the Town of Carmel Justice Court, and Dunn counterclaimed against them. On September 28, 2005, plaintiffs consulted with defendant Mark T. Starkman, Esq., of defendant Jacobowitz & Gubits, LLP (Jacobowitz & Gubits), about their pending actions. Although plaintiffs originally understood the consultation fee to be $225, in accordance with Starkman’s request, they instead paid Jacobowitz & Gubits $250 for the consultation. During their consultation, Starkman determined that plaintiffs’ claims might exceed the jurisdictional limit of the Justice Court, and formulated a strategy whereunder plaintiffs would withdraw their Justice Court claims and then bring a plenary action in Supreme Court, in either Dutchess or Putnam County.
Thereafter, defendants created a “representation letter,” dated September 29, 2005, on Jacobowitz & Gubits’ stationery, which was signed by Starkman. Plaintiffs’ countersignatures on the letter are dated October 3, 2005, the same day that plaintiffs paid a $3,000 retainer to Jacobowitz & Gubits. The representation letter stated that plaintiffs retained Jacobowitz & Gubits to provide them with “representation and prosecution regarding breach of contract for home renovations and construction of enclosed porch and defense of counterclaims,” and provided that the law firm’s representation was subject to the terms and conditions set forth in a booklet entitled “My Rights and Responsibilities as a Client of Jacobowitz and Gubits, LLP” Included in that pamphlet was the sentence, “We may terminate our representation upon written notice to you for your failure to cooperate with any reasonable request, to timely pay the statements in full or if we determine, in our reasonable discretion, that to continue our representation would be unethical.”
*75 On October 11, 2005, Starkman appeared, in the Carmel Justice Court, where he withdrew plaintiffs’ pending actions and adjourned the counterclaim pending against them. On October 14, 2005, Starkman sent plaintiff James E McGee a letter in which he informed him about the outcome of his court appearance, and told him of Jacobowitz & Gubits’ decision not to provide further representation to plaintiffs. Starkman also requested that plaintiffs provide Jacobowitz & Gubits with a signed consent to change attorney form, failing which, he stated, Jacobowitz & Gubits would move the court to be relieved as plaintiffs’ attorney.
Plaintiffs did not sign the consent to change attorney form, and Jacobowitz & Gubits moved to be relieved as plaintiffs’ counsel. On the return date of Jacobowitz & Gubits’ motion, Mr. McGee appeared in court and stated that he had no objection to Jacobowitz & Gubits’ withdrawal, provided that plaintiffs’ retainer fee was returned to them. The withdrawal motion was granted, following which Jacobowitz & Gubits returned $1,777.86 to plaintiffs, having deducted from the retainer $83.42 for travel fees, $16.22 for mailing costs, and $1,122.50 for legal fees.
Plaintiffs brought this action to recover the balance of their retainer fee. After trial, the City Court dismissed the action against Starkman and entered judgment against Jacobowitz & Gubits and in favor of plaintiffs in the principal sum of $132.50, upon a finding that plaintiffs had been charged $87.50 more than the agreed-upon consultation fee, and also that Jacobowitz & Gubits had erroneously billed plaintiffs for time which had accrued before it was retained by plaintiffs. The City Court denied the remainder of plaintiffs’ claims, concluding that plaintiffs bore, and failed to meet, the burden of proof, and also that the time entries recorded by defendants were fair and reasonable, that the retainer agreement established Starkman’s hourly rate, and that Jacobowitz & Gubits’ actions had advanced plaintiffs’ legal position. The court also concluded that Jacobowitz & Gubits’ disbursements had been proper under the retainer agreement.
As a matter of public policy, courts pay particular attention to fee arrangements between attorneys and their clients (see Jacobson v Sassower, 66 NY2d 991, 993 [1985]; see also Law Off. of Howard M. File, Esq., EC. v Ostashko, 60 AD3d 643, 643-644 [2009]; Smitas v Rickett, 102 AD2d 928, 929 [1984]). The City Court erred in concluding that plaintiffs bore the burden of *76 proving that Jacobowitz & Gubits’ bill was unreasonable; rather, Jacobowitz & Gubits bore the burden of showing that it had a valid basis for abrogating the representation agreement (see Kahn v Kahn, 186 AD2d 719, 720 [1992]). The sole basis Jacobowitz & Gubits gave for its unilateral decision to withdraw as plaintiffs’ counsel was Starkman’s conclusory statement that Jacobowitz & Gubits’ ethics required it to withdraw, without any explanation of the law firm’s ethical concerns. This was inadequate to meet the law firm’s burden of demonstrating that its withdrawal as plaintiffs’ counsel was justified; therefore, it had no right to recover for services rendered to plaintiffs following its termination of representation (id.). Moreover, because the evidence was insufficient to justify Jacobowitz & Gubits’ withdrawal as counsel for plaintiffs, the law firm forfeited any right to be paid for services rendered (see Allen v Rivera, 125 AD2d 278, 279-280 [1986]), and plaintiffs were entitled to the return of the balance of their retainer payment to the extent that deductions had been made therefrom for legal fees.
However, the retainer agreement specifically permitted Jacobowitz & Gubits to be paid for its disbursements, including postage and travel costs. Starkman’s testimony as to the law firm’s postage disbursement of $16.22 was sufficient to sustain the City Court’s determination that Jacobowitz & Gubits was entitled to retain payment for that disbursement, as rendering substantial justice between the parties according to the rules and principles of substantive law (UCCA 1807).
As the defendant law firm failed to meet its burden of showing a justifiable basis for withdrawing as plaintiffs’ counsel, the City Court’s determination that plaintiffs were responsible for paying Jacobowitz & Gubits’ travel costs associated with said withdrawal did not effect substantial justice between the parties according to the rules and principles of substantive law (UCCA 1807). However, since Starkman testified that the bill of $83.42 was for two identical trips, the latter for Jacobowitz & Gubits to withdraw as counsel, to the extent that the City Court’s judgment permitted Jacobowitz & Gubits to retain half that sum, or $41.71, it did effect substantial justice. We accordingly conclude that plaintiffs are entitled to a refund from Jacobowitz & Gubits of $1,164.21, representing the legal fees that were deducted from plaintiffs’ retainer fee and the disbursements associated *77 with Starkman’s second trip to court to withdraw as plaintiffs’ counsel.
LaCava and Iannacci, JJ., concur; Nicolai, EJ., taking no part.