■ ESTATE OF STEPHEN HADERSKI, Deceased. In the Matter of MAZUR CARP RUBIN & SCHULMAN, P.C., Respondent, v RUTH A. HADERSKI et al., Appellants. [937 NYS2d 233]

Respondents argue that petitioner's request for a separate retainer agreement signed by respondent Ruth Haderski as administrator of the decedent's estate was a breach of contract and evidence of professional misconduct. This argument is unpreserved and, in any event, unsupported by the evidence, which fails to raise an issue of fact whether, as respondents now claim, the second retainer agreement caused a breach in their relationship with petitioner. Since respondents' termination of petitioner was therefore not for cause, petitioner is entitled to the reasonable value of the services it rendered them (*see Nabi v Sells*, 70 AD3d 252, 254-255 [2009]). In determining the reasonable value of those services, the Surrogate properly considered the relevant factors (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]). The court also properly attached prejudgment interest to the decree pursuant to CPLR 5001 (*see Ash & Miller v Freedman*, 114 AD2d 823 [1985]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.