■ DAVIDOFF HUTCHER & CITRON LLP, Formerly Known as DAVIDOFF MALITO & HUTCHER LLP, Appellant, v IOORI SMIRNOV et al., Respondents. [41 NYS3d 881]—

Appeal from order, Supreme Court, New York County (Ira Gammerman, JHO), entered on or about September 10, 2015, deemed appeal from judgment, same court and JHO, entered September 16, 2015, which, to the extent appealed from, awarded plaintiff $27,291.15 in unpaid legal fees and no prejudgment interest, unanimously modified, on the law, to award plaintiff $73,477.98 in unpaid fees, plus prejudgment interest of $28,299.74, for a total award of $101,777.72, and as so modified, affirmed, without costs.

The addition of prejudgment interest to plaintiff's award for unpaid legal fees under quantum meruit was mandatory (*see* CPLR 5001; *Ash & Miller v Freedman*, 114 AD2d 823 [1st Dept 1985]). Moreover, where plaintiff was required to seek permission to withdraw, it was required to continue to zealously repre-

---

* In fact, seller did not acknowledge any title defect until this appeal.

sent defendants until the court granted its motion to withdraw (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [d], [e]). Therefore, it was incorrect for the JHO to refuse to consider any value for plaintiff's work from the time it moved by order to show cause to withdraw. This is particularly true where plaintiff sought, but was denied, an adjournment of the trial date, and the court took six months to grant the application. Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.