18-3652-cv (L)
*John Harris P.C. v. Tobin, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

PRESENT:   REENA RAGGI,
              DENNY CHIN,
              RICHARD J. SULLIVAN,
                  *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN HARRIS P.C.,
        *Plaintiff-Appellant-Cross-Appellee*,

       -v-                                18-3652-cv (Lead)
                                          18-3683-cv (XAP)

GERALD J. TOBIN, aka GERALD J. TOBIN, P.A.,
HELENE TOBIN, aka HELENE K. TOBIN, aka
HELENE P. TOBIN, GERALD J. TOBIN, P.A.,
        *Defendants-Appellees-Cross-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT-        JOHN HARRIS, John Harris P.C.,
CROSS-APPELLEE:                New York, New York.

FOR DEFENDANTS-APPELLEES-
CROSS-APPELLANTS:

ROBERT D. GOLDSTEIN (John William Cook, *on the brief*), Epstein Becker & Green, P.C., New York, New York.

Cross-appeals from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant-cross-appellee John Harris P.C. ("Harris P.C."), a New York law firm whose principal is John Harris ("Harris"), appeals from a judgment entered by the district court on November 8, 2018, following a one-day bench trial, ordering defendant-appellee-cross-appellant Gerald Tobin to pay Harris P.C. $117,000 in legal fees, plus pre-judgment interest in the amount of $24,925.81.[1]  On appeal, Harris P.C. principally contests the amount of the fees awarded by the district court, arguing, *inter alia*, that it should have applied a higher per-hour fee and should not have reduced the number of hours that Harris P.C. billed the Tobins.  Harris P.C. also challenges the district court's November 16, 2017 order, issued from the bench, dismissing all claims against Tobin P.A., dismissing all claims except the claim for quantum meruit against

---

[1]  Gerald Tobin is the only defendant listed on the judgment entered by the district court, even though Helene Tobin (together with Gerald Tobin, the "Tobins") and Gerald J. Tobin, P.A. ("Tobin P.A.") were named in the complaint and are defendants-appellees-cross-appellants here. As part of its appeal, Harris P.C. argues that the judgment should be amended to add Helene Tobin and Tobin P.A.  We address this concern, *infra*.

the Tobins, and granting the Tobins' motion *in limine*. The Tobins have cross-appealed, arguing that the district court should have limited Harris P.C.'s recovery to $100,000. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## FACTUAL BACKGROUND

Harris began representing the Tobins in a commercial property dispute in 2006, while he was employed by Epstein Becker & Green, P.C. ("Epstein"), the law firm representing the Tobins in this appeal. Harris's employment with Epstein ended in 2009, and he started his own law firm, Harris P.C. On May 5, 2009, Harris P.C. was substituted as the Tobins' counsel in the commercial property dispute, and, on June 3, 2009, Harris P.C. faxed a letter titled "Retainer Agreement and Terms of Engagement" (the "Letter") as well as a statement of client rights and bill to the Tobins.[2] The Letter specified, *inter alia*, that: (1) absent an amendment to the Letter, Harris P.C. only represented the Tobins in the matters referenced in the Letter; (2) the billing rate started at $275 per hour but could "increase from time to time," App'x at 178; (3) any bill estimates would be "inexact" and not binding, App'x at 178; (4) bills -- which would usually be sent out each month -- would be due within 10 days and begin accruing

---

[2]     This fax was addressed to Gerald Tobin, but it was intended for the Tobins. Because there is no dispute that Harris P.C. represented Gerald and Helene Tobin in the underlying matters, we will refer to all correspondence as sent to (or by) the Tobins, even if a particular fax or letter was only addressed to (or sent by) Gerald Tobin.

interest if they were unpaid for 30 days; and (5) the retainer agreement "will take effect when you execute and return this [document]." App'x at 179. The Tobins never signed the Letter, but they paid the initial invoice in full.

Harris P.C. represented the Tobins for the next seven years in three lawsuits until it moved to be relieved in June 2016. Throughout the period of its attorney-client relationship with the Tobins, Harris P.C. billed the Tobins sporadically and belatedly at the $275 per hour rate, at one point allowing more than three years to pass between invoices. The Tobins, for their part, often made incomplete payments when billed and usually carried a balance. By June 2016, the Tobins had outstanding invoices totaling more than $26,000 and owed "probably about $100K" in total, according to Harris P.C. App'x at 215. Harris P.C. stopped performing legal work for the Tobins in mid-June 2016, and it moved to be relieved as the Tobins' counsel on June 20, 2016. This request was granted on June 29, 2016.

Between June 10, 2016 and July 13, 2016, Harris P.C. sent the Tobins twelve invoices totaling $153,434.21 for legal services rendered from 2012 to 2016. The first eight invoices reflected a billing rate of $275 per hour, which charged the Tobins for work done before January 2015. The last four invoices, which were sent between July 6, 2016 and July 13, 2016 -- after Harris P.C. was relieved as counsel -- reflected a billing rate of $350 per hour.

**PROCEDURAL HISTORY**

Harris P.C. sued the Tobins and Tobin P.A. on July 14, 2016, and filed an amended complaint on December 16, 2016, seeking more than $200,000 in legal fees and asserting, *inter alia*, claims for breach of contract, unjust enrichment, and quantum meruit. On May 26, 2017, the Tobins moved for partial summary judgment on all claims against Tobin P.A. and partial summary judgment on all remaining claims against the Tobins other than the quantum meruit claim. They also filed a motion *in limine* to preclude Harris P.C. from introducing evidence that it was entitled to more than $275 per hour. After oral argument on November 16, 2017, the district court granted both of the Tobins' motions from the bench. The court conducted a one-day bench trial on May 1, 2018 on the remaining quantum meruit claim against the Tobins. On November 8, 2018, the district court issued written findings of fact and conclusions of law, and it entered judgment in favor of Harris P.C. for $141,925.81, representing the legal fees plus prejudgment interest. This appeal followed.

**DISCUSSION**

A.      **Summary Judgment**

"We review *de novo* the district court's grant of a motion for partial summary judgment." *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 370 (2d Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact, and, in making that determination on review, "the court must view the evidence in the record

in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315 (2d Cir. 2006).

The district court did not err in dismissing all claims against Tobin P.A. and all claims against the Tobins except for the quantum meruit claim. As to Tobin P.A., Harris P.C. did not put forth any evidence that it performed any legal work for that entity, and the Letter provided that Harris P.C. would be representing the Tobins without mentioning Tobin P.A. Because a party cannot defeat a motion for summary judgment with mere "conclusory allegations or unsubstantiated speculation," *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015), the district court did not err in dismissing Tobin P.A. as a defendant.

As to the claims against the Tobins, the district court found that even assuming the Letter created an enforceable contract that the Tobins breached, "the plaintiff's only remedy for recovering the hourly fees it claims the defendants owe is an action for quantum meruit." Suppl. App'x at 55. We agree. It is undisputed that Harris P.C. withdrew from representing the Tobins before the matter was completed, and therefore once Harris P.C. withdrew, its legal recourse was limited to recovery in quantum meruit. *See In re Ehmer*, 708 N.Y.S.2d 436, 437 (2d Dep't 2000). Thus, the district court did not err.

**B.**        **Motion** *in Limine*

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if we find that there was a violation of a substantial right." *United States v. Bah*, 574 F.3d 106, 116 (2d Cir. 2009). "We reverse a district court's evidentiary rulings only if we find manifest error, that is not harmless." *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016) (internal quotation marks omitted). The moving party has the burden of proving that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*, 467 F.3d 107, 119 (2d Cir. 2006).

Before trial, the district court ruled that Harris P.C. could not introduce evidence that it was entitled to an hourly rate higher than the rate it set out in the Letter and charged the Tobins in the invoices it billed before it withdrew as counsel. Despite this ruling, at trial the court nevertheless allowed Harris to discuss the higher rate he previously billed the Tobins while he worked at Epstein as well as the higher rate he billed his other clients who retained Harris P.C. Ultimately, however, the district court found that Harris P.C. was not entitled to a rate higher than the rate it repeatedly billed the Tobins over the course of more than six years. Any error that the district court arguably made when it granted the Tobins' motion *in limine* was rendered harmless when the court admitted and considered evidence of the higher billing rates.

Accordingly, the district court's *in limine* rule provides no basis for vacating the judgment.

## C.      Legal Fees

When an attorney withdraws from a case for cause, he is entitled to recover legal fees in quantum meruit, which is the fair and reasonable value of the completed services. *See Ehmer*, 708 N.Y.S.2d at 437; *Kahn v. Kahn*, 588 N.Y.S.2d 658, 659 (2d Dep't 1992); *Spano v. Scott*, 561 N.Y.S.2d 678, 678 (4th Dep't 1990). To determine the appropriate quantum meruit award, courts consider, among other things, "the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services." *DeGregorio v. Bender*, 860 N.Y.S.2d 193, 194 (2d Dep't 2008). An attorney is entitled to prejudgment interest when he recovers in quantum meruit. *Ogletree, Deakins, Nash, Smoak & Stewart, P.C. v. Albany Steel, Inc.*, 663 N.Y.S.2d 313, 315 (3d Dep't 1997).[3] "[P]rejudgment interest [must] be computed from the earliest ascertainable date on which the prevailing party's cause of action existed."

---

[3]      Neither this Court nor the New York Court of Appeals has addressed whether an award of prejudgment interest is mandatory upon recovery in quantum meruit, and the intermediate state courts disagree on that point. *Compare Precision Founds. v. Ives*, 772 N.Y.S.2d 116, 120 (3d Dep't 2004) (determining that prejudgment interest is "discretionary for a quantum meruit claim"), *with Ash & Miller v. Freedman*, 495 N.Y.S.2d 183, 183 (1st Dep't 1985) ("[A]n award of interest would be mandated in an action by an attorney to recover under a retainer agreement or in quantum meruit for the reasonable value of the legal services rendered."). Because the parties do not dispute that Harris P.C. is entitled to prejudgment interest, and only dispute the date from which that interest runs, we need not resolve this question.

*Id.* at 315-16 (citing N.Y. CPLR 5001(b)). We review questions of fact for clear error, questions of law *de novo*, and matters of discretion for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 558 (1988).

Here, the district court applied the hourly rate that Harris P.C. charged the Tobins in its invoices for more than six years of their attorney-client relationship and declined to apply the higher rate that Harris P.C. retroactively charged the Tobins after their relationship soured and Harris was relieved as counsel. We find no error in the court's determination. Indeed, courts have long recognized that where a client has not discharged an attorney and the attorney has previously billed the client for the services at issue, the attorney may not later recover at a higher hourly rate in quantum meruit. *See Mar Oil, S.A. v. Morrissey*, 982 F.2d 830, 843 (2d Cir. 1993); *Finkelstein v. Kins*, 511 N.Y.S.2d 285, 288 (1st Dep't 1987). Therefore, the district court properly held Harris P.C. to the $275 per hour rate at which it had billed the Tobins. Moreover, we find no error with the court's decision to reduce Harris P.C.'s hours by twenty percent due to its extraneous work. We have upheld similar reductions in the past, *see McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) (affirming 35% fee reduction), and the reduction applied here was appropriate.

Likewise, we also find no error in the district court's award of prejudgment interest from the date Harris P.C. sent the invoices, as that was when the amounts owed were ascertainable and demanded. *Ogletree*, 663 N.Y.S.2d at 315-16.

Finally, the Tobins' cross-appeal argument that the legal fees awarded should be limited to $100,000 is without merit. It is clear from the record that Harris P.C.'s stated figure of $100,000 was merely an estimate, which the Tobins have acknowledged was an "approximat[ion]." Appellee's Br. at 55. Although the Tobins contend this is evidence that Harris P.C. inflated its bills, the district court properly addressed this concern by reducing the invoices by twenty percent. Accordingly, the Tobins' cross-appeal is denied.

**D.        Deficient Judgment**

Gerald Tobin is the only defendant listed on the district court's judgment. Because, as noted above, Tobin P.A. was properly dismissed from this action, any argument that Tobin P.A. should be named in the judgment is moot. Although it is true that Helene Tobin was omitted from the judgment, the proper mechanism for resolving this apparent clerical error is via Federal Rule of Civil Procedure 60(a). The issue has not been raised with the district court, and should Harris P.C. wish to press the issue it may seek relief under Rule 60 with that court.

\* \* \*

We have considered Harris P.C.'s remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-10-